# EXHIBIT 2

# NOTICE OF REMOVAL

IN THE DISTRICT COURT OF SEMINOLE COUNTY
STATE OF OKLAHOMA

SEMINOLE COUNTY, OKLAHOMA
**FILED**
IN DISTRICT COURT

JUL 0 7 2017

KIM A. DAVIS, COURT CLERK
BY _____ DEPUTY

| | |
|---|---|
| PERRY CLINE, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SUNOCO, INC (R&M); and<br>SUNOCO PARTNERS<br>MARKETING & TERMINALS, L.P.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CJ-2017-75<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, PERRY CLINE ("Plaintiff"), for himself and all others similarly situated (hereinafter, Plaintiff and the putative Class members are referred to collectively as the "Class"), files this Original Petition (the "Petition") and hereby alleges and states as follows in support of the claims asserted against Sunoco, Inc. (R&M) and Sunoco Partners Marketing & Terminals, L.P. (collectively, the "Defendants"):

### SUMMARY OF THE ACTION

1.　　This class action suit concerns Defendants' willful and ongoing violations of Oklahoma law related to payment of oil and gas production proceeds ("O&G Proceeds") to persons with a legal interest in the acreage under a well which entitles such person(s) (*i.e.*, the "Owner") to payments of O&G Proceeds.

2.　　Plaintiff is an Owner in one or more oil and/or gas wells in Oklahoma in which Defendants have incurred an obligation to pay O&G Proceeds pursuant to leases and/or pooling orders (the "Oklahoma Wells"). Specifically, Plaintiff is an Owner in an Oklahoma Well, Boss

1

Hogg 1-14H, which is located in Section 14-19N-9W, Kingfisher County, Oklahoma. Defendants are the first purchaser of production from the Boss Hogg 1-14H Well, and pays revenue to Plaintiff and is obligated to pay interest to Plaintiff.

3. Plaintiff is an Owner in said Section 14-19N-9W, and his mineral interest is subject to a lease dated 10/5/2011 covering an undivided mineral interest in all the SE/4 Sec. 14-19N-9W, Kingfisher County, Oklahoma.

4. The oil and gas industry has historically been rife with abuse by lessees, operators, and entities responsible for paying O&G Proceeds. Such companies routinely delay and/or suspend payments to Owners to, among others things, obtain interest free loans at the expense of Owners. Because of their control over the relationship, they are able to easily and successfully employ such schemes.

5. Oklahoma law attempts to redress and/or prevent such abuses by requiring companies, including Defendants, to pay interest on "proceeds from the sale of oil or gas production or some portion of such proceeds [that] are not paid prior to the end of the applicable time periods provided" by statute ("Untimely Payments"). OKLA. STAT. tit. 52, §570.10(D); *see generally*, OKLA. STAT. tit. 52, § 570, *et. seq.* (the "Production Revenue Standards Act" or the "Act").

6. The Act gives Owners a uniform, absolute right to interest on Untimely Payments, regardless of whether such payments were previously suspended to address title marketability issues, or any other reason such payments were not made within the time limits required by the Act. The plain language of the Act imposes an obligation to include interest on Untimely Payments. Compliance with this statutory requirement is not optional and does not require a prior written or oral demand by Owners.

7.   Defendants are well aware of their obligations to pay the required interest on Untimely Payments. Nevertheless, in violation of Oklahoma law, Defendants consistently ignored their obligations to pay interest on Untimely Payments made to Plaintiff. Indeed, on information and belief, Defendants routinely delay payment of production proceeds and deny Owners the interest payments to which they are entitled as part of an overarching scheme to avoid Defendants' obligations under Oklahoma law.

8.   Accordingly, Plaintiff files this class action lawsuit against Defendants to obtain relief on behalf of all similarly situated Owners who received any Untimely Payments for which Defendants did not include payment of interest as required by the Act.

9.   Plaintiff files this class action lawsuit against Defendants for breach of their statutory obligation to pay interest and fraud. Additionally, Plaintiff seeks an accounting, disgorgement, and injunctive relief against Defendants.

## PARTIES

10.   Plaintiff Perry Cline is a resident and citizen of the State of Oklahoma.

11.   Plaintiff is an Owner in Oklahoma Wells and is entitled to payment of O&G Proceeds therefrom.

12.   Defendants are a group of affiliated, foreign entities doing business in the State of Oklahoma.

13.   Defendant Sunoco, Inc. (R&M) ("The Parent Defendant"), on information and belief, is the parent corporation of the affiliated Sunoco entities. The Parent Defendant is a foreign corporation formed under the laws of the State of Pennsylvania that, on information and belief, maintains its principal place of business in Philadelphia, Pennsylvania. The Parent Defendant is registered to conduct business in the State of Oklahoma and may be served through its registered

3

agent for service of process in Oklahoma: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

14. Defendant Sunoco Partners Marketing & Terminals, L.P. ("The L.P. Defendant") is a foreign limited partnership formed under the laws of the State of Texas that, on information and belief, maintains its principal place of business in Philadelphia, Pennsylvania. The L.P. Defendant is registered to conduct business in the State of Oklahoma and may be served through its registered agent for service of process in Oklahoma: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

15. At all times relevant to the claims asserted herein, Defendants were/are the first purchasers of production from oil and/or gas wells in the State of Oklahoma. Defendants are obligated to pay O&G Proceeds to Plaintiff and the putative class.

## JURISDICTION AND VENUE

16. This Court has jurisdiction to hear these matters pursuant to OKLA. STAT. tit. 52, § 570.14 (A).

17. This Court has jurisdiction over Defendants because Defendants are foreign entities registered with the Oklahoma Secretary of State that regularly transact business in Oklahoma and otherwise distribute O&G Proceeds from the subject oil and/or gas well(s), including in Seminole, Hughes, Okmulgee, Okfuskee, and Pontotoc Counties, Oklahoma.

18. Venue is proper in this District pursuant to OKLA. STAT. tit. 12, § 137 because Defendants, as foreign entities, may be found in Seminole County, own and/or operate property in Seminole County, and owe debts to Owners arising from Defendants' oil and gas operations in Seminole County.

19. Jurisdiction is properly laid in the District Court of Seminole County, Oklahoma because the amount in controversy, exclusive of attorneys' fees, litigation expenses, costs, and interest, exceeds the sum of $10,000.00. However, the claims of the named Plaintiff are less than $75,000.00.

## CLASS ACTION ALLEGATIONS

20. The allegations set forth above are incorporated herein by reference.

21. Plaintiff brings this action as the representative of a Class pursuant to OKLA. STAT. tit. 12, §2023(B)(2) and §2023(B)(3). The Class is comprised of:

> All non-excluded persons or entities who: (1) received Untimely Payments from Defendants (or Defendants' designees) for O&G Proceeds from Oklahoma Wells; and (2) whose payments did not include the statutory interest.
>
> The persons or entities excluded from the Class are: (1) agencies, departments, or instrumentalities of the United States of America or the State of Oklahoma; (2) publicly traded oil and gas companies and their affiliates; (3) persons or entities that Plaintiff's counsel may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct; and (4) officers of the court.

22. Upon information and belief, absent Class members entitled to interest owing on Defendants' Untimely Payments number in the thousands. Therefore, the Class is so numerous that joinder of all members is impracticable.

23. The questions of fact and law common to the Class, include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma acreages upon which Defendants have an obligation to pay O&G Proceeds;

   b. Whether, under Oklahoma law, Defendants owed interest to Plaintiff and the Class on any Untimely Payments;

   c. Whether Defendants' failure to pay interest to Plaintiff and the Class on any Untimely Payments constitutes a violation of the Act;

5

      d. Whether Defendants defrauded Plaintiff and the Class by knowingly withholding statutory interest; and

      e. Whether Defendants are obligated to pay interest on future Untimely Payments.

24. Plaintiff's claims are typical of the Class' claims because the claims are identical for each Class member.

25. Defendants treated Plaintiff and the Class in the same way by failing to pay the required interest on Untimely Payments.

26. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil and gas matters, accounting, and complex civil litigation, including oil and gas royalty class actions.

27. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members.

28. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a. The questions of law and fact are so uniform across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own actions, at their own expense;

      b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member, with the same scope of Class membership sought herein, against Defendants relating to Defendants' failure to pay interest owing on the Untimely Payments of O&G Proceeds as required by law;

      c. The interests of all parties and the judiciary in resolving these matters in one forum without the need for multiplicity of actions is great;

      d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member, and not just those who can afford to bring their own actions; and

e. Absent a class action, Plaintiff and the Class members may never discover the wrongful acts of Defendants, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Defendants.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

29. The allegations set forth above are incorporated herein by reference.

30. Defendants, as first purchasers, distribute O&G Proceeds from numerous oil and/or gas wells throughout Oklahoma. Defendants owed payments of O&G Proceeds to Plaintiff and Class members as a result of the mineral production from such wells.

31. "For decades, oil and gas producers or first purchasers would for various reasons delay or decline to distribute the proceeds from the first sale to interest owners and use those funds for their own purposes until they were ultimately distributed, if at all." 2015 OK AG 6 at ¶2 (Sept. 1, 2015) (citing Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 31 Okla. City U. L. Rev. 1, 4 (2006)). Holders of the production proceeds, however, frequently and intentionally avoided making any reasonable efforts to locate interest owners or notify them of their interest. *See id.* Instead, they would "suspend" their revenue payments until demanded and, in the meanwhile, gain the benefit of the possession of those funds. *See id.* Moreover, even when they eventually made the revenue payments, the holders often would not pay interest. *See id.* "[T]here was a great incentive to delay royalty payments" and "many producers routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." *See id.* (citing Bondurant at 18). This not only deprived interest owners of the time-value of the money owed to them, it also gave rise to "an ever increasing case load of litigation between royalty owners and purchasers . . . precipitated by the use of suspense accounts." *Id.* (citing *Hull v. Sun Refining & Mktg. Co.*, 1989 OK 168, ¶ 9, 789 P.2d 1272, 1277).

32. As a result of this conduct, many states, including Oklahoma, enacted statutes to curtail this abuse. In Oklahoma, the Act requires Defendants to make payments within certain time periods. Further, the Act requires Defendants to pay interest on any Untimely Payments, regardless of the reasons why such payments were delayed. The Act gives Owners an absolute right to interest on Untimely Payments. The plain language of this statute imposes an obligation to include interest on Untimely Payments. Compliance with this statute is not optional and does not require a prior written or oral demand by Owners.

33. Plaintiff and Class members were entitled to payment of O&G Proceeds from Defendants and, pursuant to the Act, were further entitled to interest on any Untimely Payments from Defendants.

34. Plaintiff and Class members placed their trust and confidence in Defendants to pay them the O&G Proceeds to which they were entitled, including any interest owed thereon. Defendants had superior access to information regarding O&G Proceeds and the amounts Defendants owed to Plaintiff and the Class, including interest, on Untimely Payments.

35. When Defendants made Untimely Payments to Plaintiff and Class Members, Defendants failed to pay the interest owed pursuant to the Act. Indeed, on information and belief, Defendants' failure to pay the statutorily required interest on Untimely Payments continues to this day as part of an ongoing scheme to avoid paying money clearly owed under Oklahoma law.

36. Defendants are not permitted to take advantage of their relationships with Plaintiff and Class members to realize unauthorized benefits or profits at the expense of Plaintiff and the Class. Defendants have used their position as the holder of Plaintiff's and the Class' O&G Proceeds to avoid Defendants' statutory obligation to pay the statutory interest due to Plaintiff and

the Class in the event of Untimely Payments. As such, Defendants have improperly treated Plaintiff's and the Class' O&G Proceeds as an interest-free loan without their consent.

37. Upon information and belief, Defendants ignored their obligation under the Act to regard the O&G Proceeds Defendants owed to Plaintiff and the Class as separate and distinct from Defendants' other cash assets. Rather, these proceeds were comingled with Defendants' other cash assets. As such, Defendants improperly, unfairly, and in violation of the law profited from its deliberate refusal to pay statutory interest to Plaintiff and the Class.

38. In short, Defendants blatantly ignored Oklahoma law regarding the payment of interest on Untimely Payments. Further, Defendants did not hold the O&G Proceeds for the benefit of the owners legally entitled thereto (*i.e.* Plaintiff and the Class) and, instead, held the O&G Proceeds for Defendants' own benefit. Defendants have abused their position with Plaintiff and the Class.

39. Plaintiff and the Class have been damaged by Defendants' unlawful acts and omissions.

40. Defendants' wrongdoing—which is in clear violation of Oklahoma law—is ongoing and continues to this day.

## CAUSES OF ACTION

### I. BREACH OF STATUTORY OBLIGATION TO PAY INTEREST

41. The allegations set forth above are incorporated herein by reference.

42. Plaintiff brings this cause of action on behalf of himself and the Class.

43. Plaintiff and the Class were legally entitled to the payment of O&G Proceeds from Defendants, as first purchasers, for production from wells owned and/or operated in Oklahoma.

44. Section 570.10 of the Act requires Defendants to hold O&G Proceeds from the sale of oil and/or gas production for the benefit of the Owners legally entitled thereto.

45. Section 570.10 of the Act requires payment of O&G Proceeds to be made in a timely manner according to the applicable time periods set forth in the Act.

46. If the holder of any O&G Proceeds subject to the Act fails, for any reason, to make timely payments to persons entitled to receive such O&G Proceeds, the holder must pay interest on such O&G Proceeds when the payment is eventually made.

47. Defendants held O&G Proceeds belonging to Plaintiff and the Class, and Defendants failed to timely pay O&G Proceeds owing to Plaintiff and the Class.

48. In violation of the Act, when Defendants ultimately made their Untimely Payments to Plaintiff and the Class, Defendants did not pay the interest owing on the Untimely Payments.

49. Defendants' failure to pay interest owing on its Untimely Payments of O&G Proceeds was knowing and intentional and/or the result of Defendants' gross negligence.

50. Defendants' failure to pay interest owing on their Untimely Payments of O&G Proceeds has caused Plaintiff and the Class to suffer harm.

II.   **FRAUD**

51. The allegations set forth above are incorporated herein by reference.

52. Plaintiff brings this cause of action on behalf of himself and the Class.

53. Defendants, as first purchasers, were responsible for distributing O&G Proceeds from numerous oil and/or gas wells throughout Oklahoma. Thus, Defendants knowingly and intentionally took on the duties associated with such interests, including the duty to pay O&G Proceeds to Owners in accordance with Oklahoma law.

54. Defendants, however, took on such duties with the intent to deceive Owners and not pay the full O&G Proceeds owed. Specifically, Defendants knew they owed interest on Untimely Payments, but knowingly and intentionally suppressed the fact that interest was owed to Plaintiff and the Class members. Further, Defendants intended to avoid their obligation to pay the statutorily mandated interest and only pay when an Owner specifically requests payment of the statutory interest.

55. Plaintiff and the Class relied on and trusted Defendants to pay them the full O&G Proceeds to which they were entitled under Oklahoma law.

56. Plaintiff and the Class have been damaged by Defendants' actions and violations of law.

57. Defendants' failure to pay the interest it owes to Plaintiff and the Class is a result of Defendants' actual knowing and willful intent: (a) to deceive the members of the Class, and/or (b) to deprive such interest from persons the Defendants know, or are aware, are legally entitled thereto. Thus, Defendants should be required to pay punitive damages as a method of punishing Defendants and setting an example for others.

### III. ACCOUNTING AND DISGORGEMENT

58. The allegations set forth above are incorporated herein by reference.

59. Plaintiff requests an accounting on behalf of himself and the Class.

60. Plaintiff requests the Court enter an order directing Defendants to provide an accounting to Plaintiff and Class members which discloses: (a) the amount of accrued interest that Plaintiff and each Class member should have been paid by Defendants, and (b) the method for calculating such amounts.

61. Defendants' payment of interest owed to Plaintiff and the Class does not provide an adequate legal remedy for the wrongs committed by Defendants because it will not deprive Defendants of the ill-gotten gains Defendants have obtained through their unlawful behavior.

62. The principles of equity and good conscience do not permit Defendants to retain the benefits derived from Defendants' improper and unlawful use of interest owed on Untimely Payments made to Plaintiff and the Class.

63. Therefore, Plaintiff requests the Court enter an order directing Defendants to disgorge themselves of any benefits derived from Defendants' improper and unlawful use of Plaintiff's and the Class' interest payments, including interest that has accrued on such interest since the time in which Defendants made the Disputed Payments to Plaintiff and the Class.

## IV.  INJUNCTIVE RELIEF

64. The allegations set forth above are incorporated herein by reference.

65. Plaintiff seeks injunctive relief on behalf of himself and the Class.

66. Unless enjoined by this Court, Defendants will continue their pattern and practice of failing to pay interest owed on Untimely Payments to Plaintiff and the Class members.

67. Defendants have utilized their superior knowledge and control of information regarding Plaintiff's and the Class' entitlement to interest on Untimely Payments to engage in a fraudulent scheme with regard to Defendants' willful and intentional failure to pay such interest. As such, Defendants' wrongdoing is ongoing, and injuries in the future by Plaintiff and the Class are irreparable in that the vast majority of Class members are unaware of their right to be paid interest.

68. There is no adequate and complete remedy at law for continuing violations of the Act by Defendants.

69. Plaintiff requests the Court enter a permanent injunction, ordering Defendants to pay interest as required by law when Defendants make future Untimely Payments to Plaintiff, the Class, and Owners.

70. Defendants will not suffer any harm as a result of granting the Class members' request for injunctive relief because Defendants' compliance with the Court's order will be consistent with Defendants' legal obligations and duties to Plaintiff and the Class.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendants to pay Plaintiff and Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendants' breaches and/or unlawful conduct including, without limitation, the compounded interest on Untimely Payments as required by law;

3. An order requiring Defendants to provide Plaintiff and the Class with an accounting;

4. An order requiring Defendants to disgorge themselves of the ill-gotten gains Defendants have obtained through the unlawful use of interest owed to Plaintiff and the Class;

5. An order requiring Defendants to pay interest in the future, as required by law, to Plaintiff and the Class;

6. An order awarding punitive damages as determined by the jury and in accordance with Oklahoma law on each of Defendants' wrongful acts, as alleged in this Petition;

7. An order requiring Defendants to pay the Class attorneys' fees and litigation costs as provided by statute; and

8. Such costs and other relief as this Court deems appropriate.

Dated: July 6th, 2017.

*/s/ Michael Burrage*

Michael Burrage, OBA No. 1350
WHITTEN BURRAGE
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Lisa P. Baldwin, OBA No. 32947
Trey Duck
Cody L. Hill
NIX, PATTERSON & ROACH, LLP
3600 N Capital of Texas Hwy
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5332
bbeckworth@nixlaw.com
jangelovich@npraustin.com
lbaldwin@nixlaw.com
tduck@nixlaw.com
codyhill@nixlaw.com

Susan R. Whatley, OBA No. 30960
Andrew G. Pate
NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, TX 75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415
swhatley@nixlaw.com
dpate@nixlaw.com

Patrick M. Ryan, OBA No. 7864
Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
RYAN WHALEY COLDIRON
JANTZEN PETERS & WEBBER PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 239-6040
Facsimile:  (405) 239-6766
pryan@ryanwhaley.com
pwhaley@ryanwhaley.com
jryan@ryanwhaley.com
pjantzen@ryanwhaley.com

Lawrence R. Murphy, Jr., OBA No. 17681
Mariann M. Robison, OBA No. 30475
RICHARDS & CONNOR
ParkCentre Building
525 South Main Street
Twelfth Floor
Tulsa, OK 74103-4509
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
lmurphy@richardsconnor.com
mrobison@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF**