IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PERRY CLINE, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNOCO, INC. (R&M); and SUNOCO PARTNERS MARKETING & TERMINALS, L.P.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No: 6:17-cv-00313-SPS |

## SUNOCO DEFENDANTS' ANSWER TO ORIGINAL PETITION

Defendants, Sunoco, Inc. (R&M), now Sunoco (R&M), LLC ("Sunoco") and Sunoco Partners Marketing & Terminals, L.P. ("SPMT") (collectively "Defendants"), for their Answer to Plaintiff's Original Petition ("Petition"), deny each and every allegation contained therein except any allegation which may be hereinafter admitted and, for further answer, utilizing the same paragraph numbering as utilized in the Petition, alleges and states as follows:

**ANSWER TO ALLEGATIONS REGARDING "SUMMARY OF THE ACTION"**

1.  The allegations in paragraph 1 of the Petition are denied.

2.  Admitted only on information and belief that Plaintiff owns an interest in the Boss Hogg 1-14H well in Oklahoma, and that SPMT has purchased oil production from the Boss Hogg 1-14H Well, and makes payments to Plaintiff. Otherwise, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Petition and, therefore, the remaining allegations in paragraph 2 are denied.

3.  Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Petition and, therefore, the allegations are denied.

4.  The allegations in paragraph 4 of the Petition are denied.

5. The allegations in paragraph 5 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize "Oklahoma law" including all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 5.

6. The allegations in paragraph 6 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 6.

7. The allegations in paragraph 7 of the Petition are denied.

8. Admitted only that Plaintiff purports to bring claims against Defendants individually and on behalf of a putative class of interest owners who he alleges received untimely payments which did not include interest. Otherwise, the allegations in paragraph 8 of the Petition are denied.

9. Admitted only that Plaintiff purports to bring numerous claims against Defendants individually and on behalf of a putative class. Otherwise, the allegations in paragraph 9 of the Petition are denied.

10. Admitted on information and belief.

11. Admitted on information and belief that Plaintiff has an interest in one or more wells in Oklahoma and is paid proceeds for the sale of oil therefrom. Otherwise, the allegations in paragraph 11 of the Petition are denied.

12. The allegation in paragraph 12 of the Petition regarding a "group" of affiliated, foreign entities is misleading and unclear. To the extent further answer is required, Defendants deny the remaining allegations in paragraph 12 of the Petition.

13. As to the allegations in the first sentence of paragraph 13 of the Petition, Defendants deny that Sunoco is the "parent corporation" of SPMT. As to the remaining allegations in the first sentence of paragraph 13 of the Petition, the term "affiliated Sunoco entities" is undefined, unclear and vague. Sunoco is organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. Admitted that Sunoco was served through its registered agent for service of process in Oklahoma City, Oklahoma. To the extent further answer is required, the remaining allegations in paragraph 13 of the Petition are denied.

14. Admitted that SPMT is organized under the laws of the State of Texas; SPMT has its principal place of business in in Newtown Square, Pennsylvania. Admitted that SPMT was served through its registered agent for service of process in Oklahoma City, Oklahoma.

15. As to the allegations in paragraph 15 of the Petition, the phrase "at all times relevant to the claims asserted" is undefined, unclear and vague. Defendant admits that SPMT is a purchaser of oil in the State of Oklahoma. Defendants further admit that SPMT pays Plaintiff certain proceeds from the sale of oil. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Petition regarding the alleged putative class. Defendants deny the remaining allegations in paragraph 15 of the Petition.

**ANSWER TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"**

16. Admitted that this federal court has jurisdiction to hear these matters. To the extent further answer is required, the allegations in paragraph 16 of the Petition are denied.

17. Admitted that this federal court has jurisdiction over Defendants. To the extent further answer is required, the allegations in paragraph 17 of the Petition are denied.

18. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the Petition and, therefore, the allegations are denied.

19. In response to the allegations in paragraph 19 of the Petition, Defendants assert, as set forth more fully in the Notice of Removal Defendants have filed in this action, that the amount in controversy in this action exceeds the requirements for application of the Class Action Fairness Act of 2005 (CAFA), and Defendants deny any allegations in paragraph 19 that deny or suggest that the amount in controversy required under CAFA is not satisfied in this action.

## ANSWER TO "CLASS ACTION ALLEGATIONS"

20. Defendants incorporate and reasserts their answers to paragraphs 1-19.

21. Defendants admit only that Plaintiff purports to bring this action individually and on behalf of the class described in paragraph 21 of the Petition. Defendants deny that this action is properly brought as a class action, denies that the class pled is a proper class, denies that a class should be certified under the Federal Rules of Civil Procedure, and denies that Plaintiff would be a proper representative of a purported class.

22. The allegations in paragraph 22 of the Petition are denied.

23. The allegation in paragraph 23 of the Petition, including subparagraphs a-e, are denied.

24. The allegation in paragraph 24 of the Petition are denied.

25. The allegations in paragraph 25 of the Petition are denied.

26. The allegations in paragraph 26 of the Petition are denied.

27. The allegations in paragraph 27 of the Petition are denied.

28. The allegations in paragraph 28 of the Petition, including subparagraphs a-e, are denied.

## ANSWER TO "GENERAL ALLEGATIONS AND FACTUAL BACKGROUND"

29. Defendants incorporate and reassert their answers to paragraphs 1-28.

30. Admitted that STMP distributes oil proceeds from wells in Oklahoma, including to Plaintiff. Otherwise, the allegations in paragraph 30 of the Petition are denied.

31. The allegations in paragraph 31 of the Petition contain purported conclusions of law, rather than allegations of fact and, therefore, no answer is required. Further, the allegations in paragraph 31 of the Petition are not specific factual allegations pertaining to Defendants, but are broad generalizations and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize all the alleged authorities cited and, therefore, Defendants deny the allegations in paragraph 31.

32. The allegations in paragraph 32 of the Petition are not specific factual allegations pertaining to Defendants, but are broad generalizations and, therefore, no answer is required. Moreover, the allegations in paragraph 32 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize all pertinent terms of the Production Revenue Standards Act ("PRSA") or statutes in other states and, therefore, Defendants deny the allegations in paragraph 32.

33. The allegations in paragraph 33 of the Petition are denied.

34. The allegations in paragraph 34 of the Petition are denied.

35. The allegations in paragraph 35 of the Petition are denied.

36. The allegations in paragraph 36 of the Petition are denied.

37. The allegations in paragraph 37 of the Petition are denied.

38. The allegations in paragraph 38 of the Petition are denied.

39. The allegations in paragraph 39 of the Petition are denied.

40. The allegations in paragraph 40 of the Petition are denied.

### ANSWER TO ALLEGATIONS REGARDING "BREACH OF STATUTORY OBLIGATION TO PAY INTEREST"

41. Defendants incorporate and reassert their answers to paragraphs 1-40.

42. Admitted only that Plaintiff purports to bring this cause of action on behalf of himself and a putative class. Otherwise, the allegations in of paragraph 42 of the Petition are denied.

43. The allegations in paragraph 43 of the Petition are denied.

44. The allegations in paragraph 44 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 44.

45. The allegations in paragraph 45 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 45.

46. The allegations in paragraph 46 of the Petition contain a purported conclusion of law, rather than an allegation of fact and, therefore, no answer is required. To the extent further answer is required, Defendants deny that the allegations completely and accurately characterize

all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 46.

47. The allegations in paragraph 47 of the Petition are denied.

48. The allegations in paragraph 48 of the Petition are denied.

49. The allegations in paragraph 49 of the Petition are denied.

50. The allegations in paragraph 50 of the Petition are denied.

### ANSWER TO ALLEGATIONS REGARDING "FRAUD" CAUSE OF ACTION

51. Defendants incorporate and reassert their answers to paragraphs 1-50.

52. Admitted only that Plaintiff purports to bring this cause of action on behalf of himself and a putative class. Otherwise, the allegations in of paragraph 52 of the Petition are denied.

53. The allegations in paragraph 53 of the Petition contains purported conclusions of law regarding Defendants' duties, rather than allegations of fact and, therefore, no answer is required. To the extent necessary, Defendants deny that the allegations completely and accurately characterize all pertinent terms of the Production Revenue Standards Act ("PRSA") and, therefore, Defendants deny the allegations in paragraph 53.

54. The allegations in paragraph 54 of the Petition are denied.

55. The allegations in paragraph 55 of the Petition are denied.

56. The allegations in paragraph 56 of the Petition are denied.

57. The allegations in paragraph 57 of the Petition are denied.

### ANSWER TO "ACCOUNTING AND DISGORGEMENT" CAUSE OF ACTION

58. Defendants incorporate and reassert their answers to paragraphs 1-57.

59. Admitted only that Plaintiff purports to bring this cause of action on behalf of himself and a putative class. Otherwise, the allegations in of paragraph 59 of the Petition are denied.

60. The allegations in paragraph 60 of the Petition are denied.

61. The allegations in paragraph 61 of the Petition are denied.

62. The allegations in paragraph 62 of the Petition are denied.

63. The allegations in paragraph 63 of the Petition are denied.

### ANSWER TO ALLEGATIONS REGARDING "INJUNCTIVE RELIEF"

64. Defendants incorporate and reassert their answers to paragraphs 1-63.

65. Admitted only that Plaintiff purports to bring this cause of action on behalf of himself and a putative class. Otherwise, the allegations in of paragraph 65 of the Petition are denied.

66. The allegations in paragraph 66 of the Petition are denied.

67. The allegations in paragraph 67 of the Petition are denied.

68. The allegations in paragraph 68 of the Petition are denied.

69. The allegations in paragraph 69 of the Petition are denied.

70. The allegations in paragraph 70 of the Petition are denied.

71. The allegations in the Prayer for Relief following paragraph 70 are denied.

72. Defendants deny all allegations in the Petition that are not specifically admitted herein.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

For further answer, Defendants assert the following defenses:

73. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

74. The claims of the Plaintiff are barred in part by Oklahoma's Energy Litigation Reform Act.

75. The claims in this case may be barred by prior settlement(s) and release(s).

76. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations or contractual limitations periods.

77. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver and/or ratification and/or acquiescence, and/or course of performance.

78. Because of the unreasonable and unexplained passage of time and the staleness of the claims before the suit was filed, prejudicing Defendants, Plaintiff's claims are barred by laches.

79. Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate remedy at law.

80. The claims in this case are barred, in whole or in part, by the doctrines of settlement, release and/or accord and satisfaction.

81. The claims in this case are barred, in whole or in part, by the doctrine of payment and by the legal consequences that follow from an owner accepting payment of the principal sum owed without interest having been included in the payment.

82. The claims in this case are barred, in whole or in part, by the express terms of the written oil and gas leases, division orders, agreements, transfer orders, unit agreements, regulatory or agency orders (e.g., compulsory pooling orders of the Oklahoma Corporation

Commission) and/or communitization agreements applicable to the properties at issue in this lawsuit.

83. The claims in this case are barred, in whole or in part, by the doctrine of performance.

84. Defendants have paid all sums due.

85. The claims in this case are barred, in whole or in part, by the doctrines of course of dealing, trade usage and/or custom and/or usage in the industry.

86. The claims in this case are barred in whole or in part by the omission of claimants to meet the pre-conditions and/or other required elements, conduct or other circumstances required in order for them to assert the claims alleged in this suit.

87. To the extent any claims are asserted under compulsory pooling orders of the Oklahoma Corporation Commission rather than under oil and gas leases, such claims are barred by virtue of the different nature and scope of the rights derived under Corporation Commission pooling orders.

88. At all times, Defendants have acted in good faith and in accordance with the applicable law in effect at the time.

89. Requiring Defendants to account under the theories of payment liability alleged by Plaintiff would be inequitable, would constitute an unconstitutional and illegal taking of Defendants' property, and would constitute an excessive and unconstitutional penalty against Defendants.

90. To the extent Plaintiff seeks to recover interest under 52 O.S. § 570.10 (formerly codified as 52 O.S. § 540) based on any alleged breach of a lease entered into prior to the effective date of the statute, application of the statute to such pre-existing leases would impair

Defendants' then-existing contractual rights in violation of the United States Constitution and the Oklahoma Constitution.

91. Insofar as Plaintiff seeks to recover interest under 52 O.S. § 570.10 (formerly codified as 52 O.S. § 540), that statute violates Article 5, Sections 46 and 59 of the Oklahoma Constitution. Such statute also impermissibly deprives Defendants' of equal protection and due process of the laws in violation of both the Oklahoma and United States Constitutions.

92. The claims asserted in this case are subject to reduction to the extent of the claimant's failure to mitigate any alleged damages.

93. Plaintiff's claims are barred to the extent of his failure and/or the failure of proposed class members to have and/or show marketable title.

94. Plaintiff's claims are barred to the extent of his failure and/or the failure of proposed class members to provide Defendants with notice of assignments of interests as required in order for them to begin to receive payments.

95. Plaintiff's claims are barred to the extent of their refusal to accept royalty and/or overriding royalty payments that were tendered.

96. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and impossibility of performance.

97. The claims in this case are barred (to the extent of):

    a    due to questions and/or doubts as to the quality of ownership and title possessed by proposed class members and/or due to their failure to establish the quality of title required in the applicable jurisdiction;

    b    due to the inability to locate with reasonable efforts proposed class members;

  c  due to express provisions in the statutes relied upon by Plaintiff that exclude from the rights and provisions of those statutes the factual circumstances applicable to proposed class members; and/or

  d  due to the express provisions in the statutes relied upon by Plaintiff that recognize the conduct of Defendants as being permissible and proper under such statutes.

98. Defendants are not liable for non-payments or delayed payments that are the responsibility of third parties.

99. The Complaint fails to meet the pleading requirements of Federal Rule 9(b) for a fraud claim. The Complaint fails to plead fraud with sufficient particularity.

100. The Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata*, collateral estoppel and/or claim splitting.

101. Defendants conducted their activities at all times in accordance with the oil and gas leases and other applicable agreements, applicable laws, industry standards, practices, customs and usage.

102. Plaintiff's proposed class fails to meet the requirements of Federal Rule 23.

103. Plaintiff is not entitled to the remedy of disgorgement.

104. Plaintiff cannot satisfy the requirements for injunctive relief.

105. Plaintiff is not entitled to an accounting and has not alleged the prerequisites that are needed to be entitled to the remedy of an accounting.

106. Plaintiff has proposed a non-certifiable and improper fail-safe class definition. The members of the class are not reasonable ascertainable.

107. Plaintiff is asserting claims under an Oklahoma Statute with the result that Plaintiff is not entitled to exemplary or punitive damages.

108.	The imposition of exemplary or punitive damages in this case would violate Defendants' due process rights secured by the United States Constitution, the Oklahoma Constitution and the constitutions of other States whose interests are implicated by Plaintiff's allegations.

109.	The punitive damages sought by Plaintiff are limited by constitutional due process, which requires that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that can be imposed.

110.	Defendants affirmatively plead that any award of punitive or exemplary damages violates the Due Process Clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to the due process clause of the Oklahoma Constitution, because:

a	Defendants are without effective and adequate procedural protections against arbitrary or erroneous awards of such damages;

b	Defendants are being denied the requirement of adequate notice of the type of conduct or elements of the offense that could warrant such an award or the amount of such damages that could be awarded;

c	such an award does not bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature;

d	such an award would impermissibly discriminate against corporate defendants, including Defendants, that are organized under the laws of other states and that maintain their principal places of business in other states;

  e evidence of Defendants' net worth would invite the jury to award an arbitrary amount of punitive damages based on Defendants' status as an industrial enterprise; and

  f Defendants' conduct that is alleged to warrant punitive or exemplary damages is unrelated to Plaintiff's harm and, therefore, such damages are unlawfully intended to punish and deter Defendants.

111. Defendants affirmatively plead that Plaintiff's claim for punitive damages is barred by the Due Process Clause and the Commerce Clause of the United States Constitution and by principles of federalism embodied in the United States Constitution, to the extent that any claim is based on conduct by Defendants that occurred outside the State of Oklahoma.

112. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to each of the five reprehensibility factors set out in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 419, 123 S. Ct. 1513, 1521 (2003). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424, 436, 121 S. Ct. 1678, 1685- 1686 (2001).

113. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the

constitutional factors that govern the permissible ratio of punitive damages to compensatory damages. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425, 123 S. Ct. 1513, 1524 (2003) (holding that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001).

114. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the comparable civil fine that could be imposed on Defendants for the conduct in question. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408,428 123 S. Ct. 1513, 1531 (2003) (holding that civil fines are more appropriate benchmarks for punitive damages than criminal penalties); *BMW of N Am., Inc. v. Gore,* 517 U.S. 559, 583, 116 S. Ct. 1589, 1603 (1996) (holding that courts "should accord substantial deference to legislative judgments concerning appropriate sanctions for the conduct at issue."); (O'Connor, J., concurring in part and dissenting in part) (quoting *Browning-Ferris Industries of Vt., Inc. v. Kelso Disposal, Inc.,* 492 U.S. 257, 301, 109 S. Ct. 2909, 2934 (1989)); *Clark v. Chrysler Corp.,* 436 F. 3d 594, 607 (6th Cir. 2006) (rejecting potential for punitive damages award as a basis for comparison in favor of potential civil penalties under applicable federal statute). Such specific jury instructions and specific findings of fact on the comparable civil penalties are necessary for purposes of Due Process in order to

permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685 1686 (2001).

115. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the direct relationship between Defendants' conduct and the specific injury suffered by Plaintiff. *Phillip Morris USA v. Williams,* 549 U.S. 346, 355, 127 S. Ct. 1057, 1064 (2007) (holding that "the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, *i.e.*, seeking, not simply to determine reprehensibility, but also to punish for harm caused strangers"); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 423, 123 S. Ct. 1513, 1523 (2003) (holding that "[D]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under guise of the reprehensibility analysis."). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review of the quantum of any award of punitive damages required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 436, 121 S. Ct. 1678, 1685-1686 (2001), to ensure that the award is based solely on the conduct that caused specific injury to the plaintiffs).

116. Plaintiff's claim for punitive damages is barred by the Due Process Clauses of the United States Constitution (Amendment V and Amendment XIV, § 1) and by the Due Process Clause of Oklahoma, because the law of this State governing. punitive damages does not require that the jury be instructed upon, and make specific findings of fact with respect to, the exclusion

of all items of compensatory damage from the quantum of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 426, 123 S. Ct. 1513, 1525 (2003) (noting that "[t]he compensatory damages for the injury suffered here . . . likely were based on a component that was duplicated in the punitive award"). Such specific jury instructions and specific findings of fact are necessary for purposes of Due Process in order to permit the de novo review required by *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001), to ensure that items of compensatory damages are not impermissibly 'double-counted' in the quantum of punitive damages.

117.    Defendants reserve the right to plead additional defenses that may become known during the course of discovery and fact development and other work, and as the claims being asserted in this case are clarified.

118.    Defendants reserve the right to amend to plead additional affirmative defenses as discovery is conducted in this matter.

Wherefore, Defendants request that Plaintiff take nothing from this suit, that judgment be entered in favor of Defendants, and that Defendants be awarded their costs, attorney's fees, and such other and further relief to which it may be entitled.

Dated: August 21, 2017                                  Respectfully submitted,


                s/*Mark D. Christiansen*
                Mark D. Christiansen OBA # 1675
                **MCAFEE & TAFT**
                **A PROFESSIONAL CORPORATION**
                10th Floor, Two Leadership Square
                211 N. Robinson Ave.
                Oklahoma City, OK 73102-7103
                Telephone: (405) 552-2235
                Fax:  (405) 228-7435
                mark.christiansen@mcafeetaft.com

                Daniel M. McClure (*pro hac vice pending*)
                dan.mcclure@nortonrosefulbright.com
                Rebecca J. Cole (*pro hac vice pending*)
                rebecca.cole@nortonrosefulbright.com
                **NORTON ROSE FULBRIGHT US LLP**
                1301 McKinney, Suite 5100
                Houston, TX  77010-3095
                Telephone (713) 651-5151
                Fax (713) 651-5246

                **ATTORNEYS FOR DEFENDANTS**

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2017, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to the following:

| | |
|---|---|
| Michael Burrage<br>WHITTEN BURRAGE<br>512 N. Broadway, Suite 300<br>Oklahoma, City, OK  73102<br>Telephone:  (405) 516-7800<br>Facsimile:  (405) 516-7859<br>mburrage@whittenburragelaw.com | Bradley E. Beckworth<br>Jeffrey J. Angelovich<br>Lisa P. Baldwin<br>Trey Duck<br>Cody L. Hill<br>NIX, PATTERSON & ROACH, LLP<br>3600 North Capitol of Texas Highway<br>Suite 350B |
| Susan R. Whatley<br>Andrew G. Pate<br>NIX, PATTERSON & ROACH, L.P.<br>205 Linda Drive<br>Daingerfield, TX  75638<br>Telephone:  (903) 645-7333<br>Facsimile:  (903) 645-4415<br>swhatley@nixlaw.com<br>dpate@nixlaw.com | Austin, Texas  78746<br>Telephone:  (512) 328-5333<br>Facsimile:  (512) 328-5332<br>bbeckworth@nixlaw.com<br>jangelovich@npraustin.com<br>lbaldwin@nixlaw.com<br>tduck@nixlaw.com<br>codyhill@nixlaw.com |
| Patrick M. Ryan<br>Philip G. Whaley<br>Jason A. Ryan<br>Paula M. Jantzen<br>RYAN WHALEY COLDIRON JANTZEN<br>   PETERS & WEBBER PLLC<br>900 Robinson Renaissance<br>119 North Robinson<br>Oklahoma City, OK  73102<br>Telephone:  (405) 239-6049<br>Facsimile:  (405) 239-6766<br>pryan@ryanwhaley.com<br>jryan@ryanwhaley.com<br>pjantzen@ryanwhaley.com | Lawrence R. Murphy, Jr.<br>Mariann M. Robison<br>RICHARDS & CONNOR<br>ParkCentre Building<br>525 South Main Street<br>Twelfth Floor<br>Tulsa, OK  74103-4509<br>Telephone:  (918) 585-2394<br>Facsimile:  (918) 585-1449<br>lmurphy@richardsconnor.com<br>mrobison@richardsconnor.com |

s/<i>Mark D. Christiansen</i><br>
Mark D. Christiansen

28611553.4