IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself
and all others similarly situated,
    Plaintiff,

v.                                                              Civil Action No. 6:17-cv-313-JAG

SUNOCO, INC. (R&M), and,
SUNOCO PARTNERS MARKETING
& TERMINALS, L.P.,
    Defendants.

## OPINION

Perry Cline owns a royalty interest in one or more oil wells in Oklahoma. Sunoco, Inc. (R&M), and Sunoco Partners Marketing & Terminals, L.P. ("Sunoco"), purchase and resell oil from Cline's wells. Oklahoma law requires Sunoco to pay proceeds from the oil to Cline. If Sunoco pays the proceeds late, it must pay Cline interest on the payment at a rate set forth in Oklahoma's Production Revenue Standards Act ("PRSA"). *See* Okla. Stat. tit. 52, § 570, *et seq.* Cline has sued Sunoco for paying his production proceeds late without paying the required interest.

On October 3, 2019, the Court granted Cline's motion to maintain a class action on behalf of other owners[1] whom Sunoco paid late and did not pay interest. On October 8, 2019, Sunoco filed a motion to stay the case pending its appeal of the Court's class certification ruling to the U.S. Court of Appeals for the Tenth Circuit. On October 17, 2019, Sunoco filed its appeal. Because Sunoco has not established that the Court should stay this action pending the appeal, the Court will deny the motion.

---

[1] The PRSA defines an "owner" as a "person or governmental entity with a legal interest in the mineral acreage under a well which entitles that person or entity to oil or gas production or the proceeds or revenues" from that production. Okla. Stat. tit. 52, § 570.2.

# I. ANALYSIS

An appeal under Federal Rule of Civil Procedure 23(f) "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). When deciding a motion to stay, courts generally consider the same factors as those used when deciding motions for preliminary injunctions: (1) the likelihood of the moving party's success on the merits of the appeal; (2) whether the moving party will suffer irreparable harm if the case proceeds; (3) whether staying the action will substantially injure the non-moving party; and (4) the public interest. *See generally Nieberding, et al. v. Barrette Outdoor Living, Inc., et al.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323 (D. Kan. Nov. 10, 2014).

Regarding the first prong, Sunoco advances several arguments to show that it will likely succeed on the merits. For many of the same reasons set forth in the Court's Opinion on class certification, the Court does not find that these arguments raise legal questions that the Tenth Circuit has not previously addressed. Nor does Sunoco raise questions "so serious, substantial, difficult[,] and doubtful, as to make them a fair ground for litigation and thus for more deliberate investigation" *Id.* at *3.

To succeed on the second prong, Sunoco must show that it will suffer irreparable harm if the action proceeds. "[I]rreperable harm . . . must be certain, great, [and] actual," not merely theoretical, serious, or substantial. *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1889 (10th Cir. 2003). Monetary losses that a party cannot recover "can constitute irreparable harm." *Nieberding*, 2014 WL 5817323, at *4.

Sunoco argues that it will incur "substantial litigation costs" preparing the case for trial and trying the case on a class basis, and that "all that work will have been for naught" if the appeal succeeds. (Dk. No. 131, at 7.) Even if Cline proceeded individually and not on behalf of the class,

however, Sunoco would incur many of the same litigation costs related to defending against the merits of this action. Further, the Court recognizes that the parties will have incurred unnecessary costs identifying class members if the Tenth Circuit decertifies the class. But the Court does not conclude that this amounts to irreparable harm to Sunoco.

To succeed on the third prong, Sunoco must show that staying the action will not substantially injure Cline. Sunoco has admitted that it has the ability to calculate the interest owed to an interest owner, but has declined to do so unless an owner requests that interest. Sunoco, therefore, is sitting on millions of dollars owed to the interest owners that it has the ability to pay, but Sunoco has simply declined to do so pursuant to business practices that it has not changed since Cline initiated this action. Staying the action, therefore, presents a harm beyond just a "delay of the proceedings." *Nieberding*, 2014 WL 5817323, at *4. Moreover, even if the Tenth Circuit decertifies the class, a ruling on the equitable relief Cline seeks will necessarily affect whether Sunoco continues to follow its current business practices for paying all interest owners. Thus, Sunoco has not established that staying the deadlines will not substantially injure Cline, and that the potential of class confusion outweighs other considerations before the Court.

To succeed on the fourth prong, Sunoco must show that the public interest favors a stay. Sunoco reiterates its argument about class confusion, but, as explained above, that does not outweigh other considerations at play here. Sunoco also argues that judicial economy favors a stay. The Court has already expended resources deciding the motion for class certification, so staying the case at this point would not significantly conserve judicial resources. The Court will also inevitably expend resources deciding pretrial matters regardless of whether Cline proceeds individually or on behalf of the class. Given the nature of the claims, the Court does not conclude that the class claims will present substantially different pretrial issues than those the parties will

raise if Cline proceeds individually. Thus, Sunoco has not shown that the public interest favors a stay.

## II. CONCLUSION

Because Sunoco has not established that the factors weigh in favor of staying the proceedings, the Court will deny the motion to stay.

The Clerk will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 30 October 2019
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge