IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself
and all others similarly situated,
    Plaintiff,

v.               Case No. 17-cv-313-JAG

SUNOCO, INC. (R&M), and,
SUNOCO PARTNERS MARKETING
& TERMINALS, L.P.,
    Defendants.

## PLAN OF ALLOCATION ORDER

This matter comes before the Court on class counsel's proposed plan of allocation of the damages award. (ECF No. 317.) The Court, being fully advised on the issues before it, hereby ORDERS as follows:

### *A. Definitions of Terms*

1. For purposes of this Order:

a. The term "Judgment Fund" means the sum of all actual and punitive damages awarded following the trial in this matter and allowed after any appeal (or after the expiration of time allowed for filing such appeal, if no appeal is filed within that time), inclusive of any attorneys' fees, expenses, costs, and pre- and post-judgment interest as have been or may be awarded to the class representative and the class, and inclusive of any interest earned through such investments as the Court may direct following the defendants' payment of the judgment.

b. The term "Judgment Administrator" means the officer appointed by the Court pursuant to this Order to execute the Plan of Allocation and to perform such incidental and additional duties as are set forth in this Order or as the Court may subsequently direct.

c. The term "Net Class Award" means the Judgment Fund, less any: (i) case contribution award to Class Representative; (ii) attorneys' fees, expenses, and costs awarded from the Judgment Fund to counsel for the class Representative and the class; (iii) compensation and expenses paid or reimbursed to the Judgment Administrator; and (iv) any additional administrative expenses that may be charged against the Judgment Fund at the Court's direction.

d. The term "Residual Unclaimed Funds" means the amount of the Net Class Award remaining as a result of uncashed distribution checks, inability to locate class members, and/or other such reasons after the Judgment Administrator distributes the Net Class Award to all class members using commercially reasonable efforts according to the Final Distribution Order.

### *B. The Formula That Will Determine the Division of Damages*

2. The Court adopts the proposed allocation found in Exhibit 1 to the Declaration of Barbara Ley (Class Representative's damages expert), (ECF No. 317-1), as the Court's Plan of Allocation of the Net Class Award. The methodology Ms. Ley used to prepare the proposed allocation was derived from, and consistent with, the methodology that this Court previously approved in support of the plaintiff's motion to certify the class, (ECF No. 91), and admitted into evidence at the trial in this matter in order to determine the total amount of actual damages.[1] Ms. Ley calculated the amount of damages owed to each individual class member, and then summed

---

[1] Ms. Ley's methodology here is also consistent with the methodology that has been approved by this Court and used to distribute tens-of-millions of dollars to settlement class members. *See Reirdon v. XTO Energy*, No. 6:16cv87, Final Plan of Allocation Order, ECF No. 141 (E.D. Okla. June 12, 2018); *Reirdon v. Cimarex Energy Co.*, No. 6:16cv113, Final Plan of Allocation Order, ECF No. 114 (E.D. Okla. Apr. 25, 2019); *Chieftain Royalty Co. v. Marathon Oil Co.*, No. 6:17cv334, Final Plan of Allocation Order, ECF No. 127 (E.D. Okla.. June 11, 2019); *Chieftain Royalty Co. v. Newfield Expl. Mid-Continent Inc.*, No. 6:17cv336, Final Plan of Allocation Order, ECF No. 75 (June 4, 2020); *DASA Invs., Inc. v. EnerVest Operating*, No. 6:18cv83, Final Plan of Allocation Order, ECF No. 124 (E.D. Okla. June 25, 2020); *McClintock v. Continuum Producer Servs, L.L.C.*, No. 6:17cv259, Initial Plan of Allocation Order, ECF No. 64 (E.D. Okla. June 4, 2020).

those figures to determine the amount of damages owed to the class. Ms. Ley then updated those amounts, at the Court's direction, to reflect the time that had elapsed and the interest that had accrued since her original calculation. Ms. Ley then divided the updated damage figure for each class member by the total amount of damages awarded to the class, and thereby determined each class member's proportional share of the Judgment. The result of this formulaic approach is a list containing each class member's fractional share of the total amount of damages. The Judgment Administrator need only multiply the fractional share for each class member expressed in Ms. Ley's Declaration by the Net Class Award in order to arrive at the exact dollar amount that each class member shall be paid.

### *C. Procedures for Distribution*

3. The Court appoints JND Legal Administration to serve as "Judgment Administrator" in this matter. At such time as the Court directs, the Judgment Administrator, in consultation with class counsel, shall be responsible for applying the mathematical principles established in the Plan of Allocation to ascertain the precise amounts of the Net Class Award allocable to each class member. The result of the Judgment Administrator's calculations shall be submitted to the Court for approval as the Final Plan for Distribution.

4. Prior to any disbursement to Class Members, the Court will establish appropriate procedures for approval of the Final Plan for Distribution. Upon approval, the Court will enter a Final Distribution Order establishing the allocation for purposes of disbursements to Class Members.

5. The Judgment Administrator will also be responsible for distributing the Net Class Award pursuant to such further orders as the Court shall issue.

6. The Judgment Administrator shall report to the Court from time to time to advise the Court of its progress in discharging its responsibilities under this Order, on such occasions and at such intervals as the Judgment Administrator may deem appropriate or as the Court may direct. The Judgment Administrator is authorized to make reasonable expenditures to secure the resources and assistance reasonably necessary to the performance of its duties. Such expenses, and the compensation of the Judgment Administrator at its usual and customary hourly rates, will be paid and reimbursed from the Judgment Fund periodically, as incurred.

7. The Judgment Administrator shall not commence the performance of its duties under this Order until such time as the case is remanded to this Court from any appeal (or until after the expiration of the time allowed for filing such appeal, if no appeal is filed within that time).

### D. Procedures and Principles for the Distribution of any Unclaimed Funds

8. The distribution of any residual unclaimed funds, if any, shall be determined by the Court following the completion of the distribution process outlined in the Final Distribution Order and upon the submissions by any interested parties. The Court concludes that that determination is most appropriately made at that time, as the amount of any residual unclaimed funds may bear on the Court's determination. Consistent with the Court's prior statements on the matter, (*see* ECF No. 298, at 42), the Court anticipates that any residual unclaimed funds will be sent to the same place that Sunoco remitted the underlying proceeds payments, including the appropriate state accounts for unclaimed property. But the Court retains discretion to select a different method of distribution that best serves the interests of the class once all relevant information is available. To facilitate that determination, after the Judgment Administrator has used commercially reasonable efforts to complete the distribution process outlined in the Final Distribution Order, class counsel shall file a motion stating the amount of any residual unclaimed funds and recommending a method

- 5 -

of distribution of those funds, with due consideration given to the Court's anticipated method described above. The Court will then set a deadline for any responses or comments from interested parties.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 30 October 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge