FILED
United States Court of Appeals
Tenth Circuit

November 3, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| PERRY CLINE, on behalf of himself and all others similarly situated, | |
| Plaintiff - Appellee, | |
| v. | No. 20-7055 (D.C. No. 6:17-CV-00313-JAG) (E.D. Okla.) |
| SUNOCO PARTNERS MARKETING & TERMINALS L.P.; SUNOCO, INC. (R&M), | |
| Defendants - Appellants. | |

_____

ORDER
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **EID**, Circuit Judges.
_____

This matter is before the court on the parties' responses to the court's orders of September 18, 2020 and September 22, 2020 directing them to address the finality of the district court's judgment and whether a premature notice of appeal can ripen in these circumstances. Upon consideration of the memorandum briefs filed by the parties, the district court's docket, and applicable circuit precedent, the appeal is dismissed for lack of jurisdiction.

Generally, this court's jurisdiction is limited to review of final decisions of the district court. *See* 28 U.S.C. § 1291. A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v.*

*Hamilton Cnty., Ohio*, 527 U.S. 198, 204 (1999). In the context of an award of damages in a class action, the judgment is not final until appealable "until the district court establishes both the formula that will determine the division of damages among class members and the principles that will guide the disposition of any unclaimed funds." *Strey v. Hunt Int'l Res. Corp.*, 696 F.2d 87 (10th Cir. 1982); *see also Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1137-38 (10th Cir. 2010) (holding that judgment is final under principles set forth in *Strey* because the district court attached a plan of allocation to its judgment); 15B Fed. Prac. & Proc. Juris. § 3915.2 (2d ed. 2020) ("A determination of damages that does not allocate an aggregate sum among claimants similarly is not final.") (citing *Strey*).

Here, the district court had not yet entered a final decision at the time the notice of appeal was filed. The court had entered judgment against Appellants, awarding actual and punitive damages to the certified class. However, the court had not yet issued a plan to allocate the damages it awarded when Appellants filed their notice of appeal.

Because the district court had not yet entered a final decision under § 1291 at the time the notice of appeal was filed, the court lacks jurisdiction to consider this appeal. Accordingly, the appeal is dismissed and Appellants' motion to abate is denied as moot.

Entered for the Court<br>
CHRISTOPHER M. WOLPERT, Clerk<br>
<br>
*Olenka George* (signature)<br>
<br>
By: Olenka M. George<br>
Counsel to the Clerk