**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PERRY CLINE, on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUNOCO, INC. (R&M) and )<br>SUNOCO PARTNERS MARKETING & )<br>TERMINALS, L.P., )<br>)<br>Defendants. ) | Case No. CIV-17-313-JAG |

## FINDINGS AND RECOMMENDATION

This matter comes before the Court for the entry of Findings and Recommendation in accordance with presiding United States District Judge John A Gibney, Jr.'s directive on referral to the undersigned. Judge Gibney referred this case for the conducting of an asset hearing pursuant to Fed. R. Civ. P. 69 and Okla. Stat. tit. 12 § 842 and to "make findings and recommendations for this Court as to the 12 O.S. § 842 and Fed. R. Civ. P. 69 proceedings."

On August 9, 2022, this Court entered an Order directing that certain financial information be produced by Defendants in anticipation of an asset hearing which was set to be conducted on September 12, 2022. The asset hearing was conducted before this Court as scheduled. Defendantss produced witnesses and documentation for Plaintiff's examination.

At the conclusion of the asset hearing, counsel informed this

Court that the asset hearing would be held open to permit further examination but that the further intervention or supervision by this Court would not be required. Additionally, Plaintiff's counsel proposed a draft Report and Recommendation which concluded with a recommendation that (1) Defendants be required to deposit the full value of the outstanding judgment with the Court Clerk; (2) Plaintiff would be entitled to garnish any accounts, accounts receivable, or other similar assets identified during the asset hearing "by whatever means are legally available"; and (3) the Court Clerk be directed to enter a writ of execution against Defendants' non-exempt property.

Because the draft Report and Recommendation had only been produced to Defendants late in the day of the asset hearing, this Court permitted Defendants to review the proposed document and file an objection to its entry. The parties briefed the issue extensively. In the interim, Plaintiff began issuing numerous garnishment summons upon the various entities holding assets belonging to Defendants which he discovered during the course of the asset hearing.

On October 11, 2022, Defendants filed an Emergency Motion for Leave to Deposit Funds in Court's Registry (Docket Entry #503). Defendants requested authority to deposit the funds necessary to satisfy the judgment entered in this case into the Court registry

fund. Defendants' request was intended, in part, to stave off the garnishment activity initiated by Plaintiff.

On October 25, 2022, this Court conducted a telephonic hearing on Defendants' motion.[1] Defendants maintained that they should be permitted to deposit the judgment amount with interest into the Court registry fund pending a determination of its appellate rights. Defendants also requested that the garnishment proceedings against them be halted. Plaintiff originally stated that an amount sufficient to satisfy the judgment as well as attorneys' fees should be deposited with the Judgment Administrator for distribution to the class upon approval of the Court to do so. Based upon the arguments his counsel made at the telephonic hearing, Plaintiff no longer supports the depositing of the funds and prefers to continue his efforts at collection on the judgment through garnishment.

During the course of this action, Defendants have filed a litany of appeals with the Tenth Circuit Court of Appeals and requests for certiorari with the United States Supreme Court. The only method available to forestall execution of a judgment pending appeal is the posting of a supersedeas bond in the full amount of

---

[1] The undersigned's staff consulted with Judge Gibney's office prior to conducting the hearing to confirm that the same was within the intended referral by Judge Gibney.

the judgment. Fed.R.Civ.P. 62(b). "A judgment debtor who is unable or is unwilling to post a supersedeas bond retains the right to appeal even if the judgment is executed." Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006) citing Koster & Wythe v. Massey, 262 F.2d 60, 62 (9th Cir. 1958). "Should the judgment be reversed on appeal, a district court may, on motion or sua sponte, order the judgment creditor to restore the benefits obtained." Id. citing Baltimore & Ohio R.R. Co. v. United States, 279 U.S. 781, 786, 49 S.Ct. 492, 73 L.Ed. 954 (1929).

Defendants failed to post such a bond in this case. By requesting that Plaintiff's garnishment efforts be stayed with a deposit into either the Court registry fund or with the Judgment Administrator, Defendants are attempting to do that which it failed to do under Rule 62(b) – stay execution on the judgment. This Court is unwilling and, frankly, not authorized to take such actions simply because Defendants are now concerned about the garnishment actions taken against others who possess assets to which it is entitled. To be clear, Defendants are not requesting to deposit the funds to satisfy the judgment; rather, the deposit is only intended to forestall garnishment. The supersedeas bond would have permitted a stay. The deposit of the funds does not.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that (1) the asset hearing be deemed concluded; (2) Defendants' Emergency

4

Motion to Deposit Funds in the Court's Registry (Docket Entry #503) be DENIED; and (3) Defendants' attendant request that Plaintiff's garnishment efforts be stayed be DENIED.

The parties are given fourteen (14) days from the date of service of these Findings and Recommendation to file any objections with the Clerk of the Court together with a supporting brief. The failure to object will preclude appellate review of these Findings and Recommendation.

IT IS SO ORDERED this  4th  day of November, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE