IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself
and all others similarly situated,
        Plaintiff,

v.                                                    Civil Action No. 6:17-cv-313-JAG

SUNOCO, INC. (R&M), et al.,
        Defendants.

## OPINION

Oklahoma's Production Revenue Standards Act requires a first purchaser of crude oil—such as Sunoco, Inc. (R&M), and Sunoco Partners Marketing & Terminals, L.P. (collectively, "Sunoco")—to pay promptly for the oil. *See* OKLA. STAT. tit. 52, §§ 570.1–.15. If the purchaser pays late, it must pay interest to the owner of the well that produced the oil. This case involved Sunoco's failure to pay that interest to Perry Cline and the class he represents ("Cline" or "the class"). In August 2020, the Court found for Cline and awarded the class compensatory and punitive damages. In November 2022, Sunoco deposited $161,132,229.03 into the Judgment Fund Account. Cline then moved for the approval of a case contribution award, reimbursement for litigation and related expenses, and attorneys' fees. The Court conducted a hearing on the motions on February 28, 2023, and took the matter under advisement. For the reasons stated below, the Court will grant the motions for the case contribution award and reimbursement for litigation and related expenses. The Court will grant in part the motion for attorneys' fees.

## I. BACKGROUND

After finding for Cline, the Court entered a Judgment Order on August 17, 2020, awarding the class $80,691,486.00 in actual damages and $75,000,000.00 in punitive damages (the "Judgment Common Fund"). (ECF No. 308.) On October 30, 2020, the Court entered a

plan of allocation order, which set forth how the damages would be distributed to the class. (ECF No. 339.)

In the years following the Court's judgment, Sunoco has filed six appeals with the Court of Appeals for the Tenth Circuit and one petition for a writ of mandamus. The Tenth Circuit dismissed five of these appeals and the petition for a writ of mandamus. It will hear oral arguments on the sole surviving appeal on March 21, 2023.[1] Sunoco unsuccessfully petitioned the Supreme Court for a writ of certiorari, which it denied in October 2022.

On February 7, 2022, the Court entered an order commencing the collection of the judgment and referring the judgment proceedings to United States Magistrate Judge Kimberly West. (ECF No. 370.) On September 12, 2022, Judge West conducted an asset hearing. Shortly thereafter, Cline filed enforcement actions to collect the judgment. The parties then negotiated and stipulated to several agreements, including (1) that the defendants would not attempt to stop the distribution process; (2) that the defendants would reserve any rights pending appeal, including stopping the distribution process; (3) that the plaintiff would dismiss all pending garnishment actions and not file any new enforcement actions; (4) that the defendants would not oppose the plaintiff's schedule for attorneys' fees; and (5) that the defendants would withdraw their motion to enjoin garnishments and enforcement actions. On December 20, 2022, the Court adopted Judge West's Report and Recommendation, which recommended adopting the stipulated agreements. The Court also adopted the plaintiff's proposed schedule for attorneys' fees and scheduled the hearing for February 28, 2023. Before the hearing, the Court received approximately 60 letters from class members providing their positions on Cline's requests. The Court held a hearing on February 28, 2023, and took the matter under advisement.

---

[1] On April 29, 2022, Sunoco appealed the Court's Order denying its motions to modify the plan of allocation order and issue a Rule 58 Judgment. (Case No. 22-7018.)

## II. DISCUSSION

### A. *Motion for Attorneys' Fees*

#### 1. *Legal Standard*

An Oklahoma statute governs the award of attorneys' fees in a class action lawsuit. OKLA. STAT. ANN. tit. 12, § 2023(G). "When state law governs whether to award attorney fees, . . . state law also governs how to calculate the amount." *Chieftan Royalty Co. v. Enervest Energy Inst. Fund XIII-A, L.P.*, 888 F.3d 455, 461 (10th Cir. 2017). The statute places the court in a fiduciary role to the class and directs courts, "in arriving at a fair and reasonable fee for class counsel," to consider the following:

(1) time and labor required,
(2) the novelty and difficulty of the questions presented by the litigation,
(3) the skill required to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount in controversy and the results obtained,
(9) the experience, reputation and ability of the attorney,
(10) whether or not the case is an undesirable case,
(11) the nature and length of the professional relationship with the client,
(12) awards in similar causes, and
(13) the risk of recovery in the litigation.

OKLA. STAT. ANN. tit. 12, §§ 2023(G)(4)(b), (e).

The Oklahoma Supreme Court recently analyzed the appropriate fee award in class action lawsuits. Courts may use either the lodestar or the percentage method to calculate attorneys' fees. *Strack v. Continental Res., Inc.*, 2021 Okla. 21, ¶ 16, 507 P.3d 609, 616 (2021). "The goal in every attorney fee case is not to select a methodology but to arrive at a reasonable fee." *Id.* ¶ 17, at 616. Courts should compare the results from each method to check for reasonableness. *Id.* While "there is a strong presumption that the lodestar method alone will reflect a reasonable

attorney fee," a multiplier may adjust the award. *Id.* ¶ 26, at 619. The multiplier must demonstrate "the mathematical relationship between the value of the services rendered and the fee award." *Id.* Oklahoma courts "rarely permit a multiplier above 1.5." *Id.* "Although a 40% contingency fee payment in individual litigation may be normal, such an award in class actions can be excessive." *Id.* ¶ 22, at 618. "[T]he attorney's fees awarded in complex class actions are normally 20% to 30% of the recovered fund." *Id.* In *Strack*, the Oklahoma Supreme Court reversed a lower court, which had awarded attorneys' fees of 40% of the judgment with a 3.17 lodestar multiplier in a class action suit involving oil and gas.

### 2. *The Plaintiff's Request*

Cline requests attorneys' fees of 40% of the Judgment Common Fund, or at least $64.4 million. (ECF No. 613.) The represents $4,500,000 in stipulated fees paid by the defendants, with the remainder coming from the Judgment Common Fund. (*Id.*) Class Counsel calculates the lodestar amount as $9,379,078.000 (for past and anticipated hours). (ECF No. 614, at 12.) They report working 12,702 hours at an average hourly rate of $738.39. (*Id.*) The fee requested equates to a 6.6 lodestar multiplier, which would increase the attorneys' hourly rate to $5,070. Class Counsel has submitted extensive documentation in support of their request, including detailed time-keeping records and declarations.

### 3. *Analysis*

#### a. Objections

The Court received approximately 60 letters in response to the notice of the request for attorneys' fees. Some class members attended the hearing, and no class members raised an objection at the hearing. Many of the written comments on the motion for attorneys' fees reflected a misunderstanding that class members would have to pay the attorneys' fees out of

4

their own pocket. At the hearing, the Court explained that any attorneys' fee award would come from the Judgment Common Fund and not from the class members individually.

### b.. Statutory Factors

To "arriv[e] at a fair and reasonable fee for class counsel," the Court must consider the thirteen statutory factors. OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e). "Merely referring to the enhancement factors to be considered under § 2023(G)(4)(e) will not sustain a fee that is not established by evidence." *Strack*, 2021 Okla. ¶ 30, 507 P.3d at 619. Accordingly, the Court will review those factors for which the evidence supports an enhancement.

First, the Court considers the "time and labor required" for Class Counsel to achieve their results. *Id.* § 2023(G)(4)(e)(1). Class Counsel reports working 12,702 hours to date and anticipates working an additional 675 hours in the future. (ECF No. 614, at 12.) Class Counsel has provided extensive declarations and time records documenting their time and effort. These hours span almost six years of litigation in a case with a very active motions practice and multiple appeals to the Tenth Circuit. The Court finds that this litigation required significant time and labor to achieve these results. Accordingly, this factor supports an enhancement of the lodestar amount.

Second, the Court considers "the novelty and difficulty of the questions presented by the litigation." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(2). Questions posed by this litigation included:

> Class Members' entitlement to statutory interest, the propriety of Defendants' practice of awaiting a request prior to payment of statutory interest, the appropriate interest rate, the burden of proof regarding the appropriate rate, the availability of punitive damages, the application of interest to unclaimed property payments, and whether such issues are appropriate for determination on a class-wide basis.

(ECF No. 613-1 ¶ 86.) The parties extensively litigated these questions. (ECF No. 614, at 20.) The Court finds that this litigation presented novel and highly difficult questions, and this factor weighs in favor of an enhancement.

Third, the Court considers "the skill required to perform the legal service properly." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(3). Given the novel and difficult legal questions in this case, Cline required counsel with substantial experience in oil-and-gas litigation. Class Counsel includes a veritable who's who of experts in the field, including a former federal district judge. The Court finds that the required skill in this case supports an enhancement.

Fourth, the Court considers "the preclusion of other employment by the attorney[s] due to acceptance of the case." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(4). Class Counsel reports that working on this litigation caused them to forego many opportunities for other employment. (ECF No. 613-1 ¶ 84.) Given the time and resources invested in Class Counsel's representation of Cline, the Court does not doubt this. The Court finds that the attorneys' work on this case precluded other employment to a degree that supports an enhancement.

Fifth, the Court considers "the customary fee" in similar litigation. OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(5). Class Counsel suggests oil and gas class actions cases typically command a 40% contingency fee. (*See* ECF No. 613-1 ¶ 45, collecting "oil-and-gas, common-fund class actions" that awarded attorneys' fees of 40% of the Judgment Common Fund.) Because Class Counsel seeks what it calls the customary fee, this factor does not weigh in favor of or against an enhancement.

Sixth, the Court considers "whether the fee is fixed or contingent." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(6). At the outset of the litigation, Cline agreed to pay Class Counsel a contingency fee of 40% because he "could not have afforded to pay these attorneys by the hour

6

or pay for the costs and expenses of this case." (ECF No. 613-2 ¶13.) Likewise, Class Counsel "could [not] or would [not] have agreed to take on this litigation on an hourly basis where we advanced costs and expenses and worked at risk of non-payment." (ECF No. 613-1 ¶ 46.) This factor weighs in favor of an enhancement.

Seventh, the Court considers the "time limitations imposed by the client or the circumstances." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(7). Class Counsel has established through its declarations that the circumstances of this litigation required thousands of hours and significant firm resources. (ECF No. 614, at 24.) This factor supports an enhancement.

Eighth, the Court considers "the amount in controversy and the results obtained." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(8). Class Counsel achieved a remarkable result in this case with $80,691,486.00 in actual damages and $75,000,000 in punitive damages. This represents nearly 200% of the class's actual damages. In Oklahoma, "the most critical factor in deciding the reasonableness of a fee award is the degree of success obtained." *Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 2003 Okla. 72, ¶ 13, 77 P.3d 1042, 1051 (2003) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Accordingly, the Court finds this factor weighs heavily in favor of an enhancement.

Ninth, the Court considers "the experience, reputation and ability of the attorney." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(9). As discussed above, Class Counsel boasts extensive experience in this area and excellent reputations. Each of the firms in Class Counsel has developed significant expertise in oil-and-gas litigation. This factor too supports an enhancement.

Tenth, the Court considers "whether or not the case is an undesirable case." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(10). Given the protracted nature of the litigation, the upfront costs

and expenses borne by Class Counsel, and the necessary preclusion of other employment, the Court finds this was an undesirable case. Accordingly, this factor favors an enhancement.

Eleventh, the Court considers "the nature and length of the professional relationship with the client." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(11). Cline and Class Counsel have worked together for almost six years in this litigation. Throughout the litigation, Cline has remained an active participant – including attending and testifying at trial – and Class Counsel emphasizes his involvement in the case. This collaborative partnership weighs in favor of an enhancement.

Twelfth, the Court considers "awards in similar causes." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(12). Class Counsel reports that oil and gas litigation class actions typically award attorneys' fees of 40%. But the majority of its collected cases preceded *Strack*, which clarified the upper limits for attorneys' fees in class action litigation. This factor does not weigh in favor of or against an enhancement.

Thirteenth, the Court considers "the risk of recovery in litigation." OKLA. STAT. ANN. tit. 12, § 2023(G)(4)(e)(13). Given the many years the parties have spent litigating in state and federal court, the defendant's multiple appeals, and its current appeal pending before the Tenth Circuit, this case presented a high risk that the class – and Class Counsel – would not recover. Considered alongside the novel and difficult questions posed by this litigation, the Court finds this factor strongly supports an enhancement.

In sum, the Court finds that eleven of the thirteen statutory factors support an enhancement to the lodestar amount in this case.

*c. Fee Award*

As discussed above, in 2021, the Oklahoma Supreme Court clarified its position on attorneys' fee awards and the permissible upper limits for the percentage-of-the-fund method (citing 20–30% for class action cases) and lodestar multipliers (no higher than 1.5). *Strack*, 2021 Okla. ¶¶ 22, 26, 507 P.3d at 618, 619. In *Strack*, the court rejected an attorneys' fee award that would amount to $2,500 hourly rate – deeming it excessive when compared with the lodestar amount. *Id.* ¶ 23, at 617. The Court finds that 25% of the fund represents a fair and reasonable fee for Class Counsel. The Oklahoma Supreme Court advises that "the attorneys' fees awarded in complex class actions are normally 20% to 30% of the recovered fund." *Strack*, 2021 Okla. ¶ 22, P.3d at 618. An award of 25% of the fund for attorneys' fees hits the middle of this proposed range. The litigation required substantial time and labor (over 12,700 hours to date), significant skill, and the preclusion of many opportunities by the acceptance of the case. Class Counsel obtained excellent results for the class, exceeding their expectations, in a case with considerable risk of recovery and novel and difficult questions. Cline and Class Counsel worked together in a close partnership over many years and agreed to a customary contingency fee. The Court finds an award of 25% of the fund represents a fair and reasonable fee for Class Counsel. Accordingly, the Court will grant in part the motion for attorneys' fees and award attorneys' fees of 25% of the Judgment Common Fund.

### B. Incentive Awards for Case Contribution

"Courts [in Oklahoma] regularly grant incentive awards to compensate named class representatives for the work they performed—their time and effort invested in the case." *Id.* ¶ 33, at 620. "The request . . . must be supported by sufficient evidence in the record." *Id.* Courts should not use the percentage method to calculate an incentive award and instead base their calculation on the lodestar method. *Id.* ¶¶ 33, 36, at 621. Courts may determine the weight

of each factor on a case-by-case basis. *Id.* Courts "should grant an incentive award based on the actual work performed by the Class Representatives." *Id.* ¶ 35, at 620.

Cline requests a case contribution award of $500,000. (ECF No. 617.) He reports working 800 hours on the case and anticipates working 30–50 hours in the future. (ECF No. 613-2 ¶ 31.) Class Counsel represents that Cline provided invaluable assistance in preparing the case for trial, attended the trial each day, and participated in multiple days of mediation, among other activities. (*Id.* ¶¶ 17–18.) In addition, Cline declined Sunoco's attempts to settle his individual claim to continue representing the class.

He earns hourly wages of $125–500, depending on the kind of work he performs ($125 per hour for driving a bulldozer and $500 per hour for hosting a rodeo). (*Id.* ¶ 31.) Cline estimates an average hourly wage of $318. (*Id.*)

With an estimated 850 hours invested in the litigation and an average hourly rate of $318, Cline's lodestar award amounts to $270,300. His request for $500,000 equates to a 1.85 multiplier. Given Cline's extraordinary involvement, tenacity, and willingness to put the class first, the Court finds that $500,000 provide reasonable compensation for the time and effort he invested in the litigation. Accordingly, the Court will grant Cline's motion for a case contribution award of $500,000.

### C. Litigation Expenses and Administration, Notice, and Distribution Costs

Cline requests reimbursement of litigation expenses of $850,000, and administration, notice, and distribution expenses of $650,000, pursuant to Rule 23(h). (ECF No. 615.) Of the litigation expenses requested, Cline has $719,430.29 in past expenses and anticipates $130,569.71 in future expenses. (ECF No. 616, at 2.) He will not seek reimbursement of litigation expenses beyond $850,000. (*Id.*) Of the administration, notice, and distribution costs

requested, Cline has $140,480.28 in past expenses and anticipates $509,519.72 in future expenses. (*Id.*) He will not seek reimbursement of administration, notice, and distribution expenses beyond $650,000. (*Id.*)

In a certified class action, courts may award costs, such as those the class requests. Fed. R. Civ. P. 23(h). The Court finds these expenses reasonable and necessary to the litigation. Accordingly, the Court will grant the motion for reimbursement of litigation expenses and administration, notice, and distribution costs.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Cline's motions for a case contribution award and for the reimbursement of litigation expenses and administration, notice, and distribution expenses. The Court will grant in part Cline's motion for attorneys' fees and award Class Counsel attorneys' fees of 25% of the Judgment Common Fund.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: March 23, 2023
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge