**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PERRY CLINE, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-cv-313-JAG |
| SUNOCO, INC. (R&M) and SUNOCO PARTNERS MARKETING & TERMINALS, L.P., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**REGARDING THIS COURT'S CONTINUING JURISDICTION**
**OVER ENFORCEMENT PROCEEDINGS PENDING APPEAL**

Plaintiff and Class Representative files this Supplemental Brief in accordance with the Court's Order from the hearing on March 16, 2026 and Docket No. 700.

### I.    This Court has jurisdiction to enter the relief requested in Plaintiff's Motion (Dkt. No. 690).

"The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal. Thus, the appellant who desires a stay of the lower federal court's action while the appeal is pending must seek an independent stay or injunctive order." 16A FED. PRAC. & PROC. JURIS. § 3954 (WRIGHT & MILLER) (5th ed.). "Unless the judgment is stayed, the district court may (pending appeal) act to enforce the judgment though not to expand it." *Id.* at § 3949.1; *accord Int'l Paper Co. v. Whitson*, 595 F.2d 559, 561–62 (10th Cir. 1979) (district court retains jurisdiction over "matters … in aid of execution of a judgment that has not been superseded" (quoting

1

9 Moore's Federal Practice P 203.11 at 734); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984) ("[O]nce a notice of appeal is filed the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded."); *see also Int'l Paper*, 595 F.2d at 562 ("If the first appeal … did somehow involve, or affect, the judgment in favor of HUD …, such would not preclude proceedings in aid of execution on the judgment, in the absence of a supersedeas bond." (citing *Orchard v. Hughes*, 68 U.S. 73 (1863); *Sirloin Room, Inc. v. American Employers Ins. Co.*, 360 F.2d 160 (5th Cir. 1966); *Sabin v. Home Owners Loan Corp.*, 147 F.2d 653 (10th Cir. 1945); *Benitez v. Bank of Nova Scotia*, 125 F.2d 519 (1st Cir. 1942)).

Because courts retain jurisdiction to execute their judgments, the Federal Rules provide a mechanism (Rule 62) for district courts to stay such enforcement proceedings upon proper application and approval of sufficient security. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."); *see also* Fed. R. App. P. 8(a) ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").

Sunoco took advantage of Rule 62 to stay Plaintiff's previous enforcement efforts during Sunoco's last (since terminated) appeal (10th Circuit Case No. 23-7090). *See, e.g.*, Dkt. No. 679 (asking the Court to the Court "approve the attached supersedeas bond and

parent guaranty, stay all proceedings to enforce the judgment pending appeal, and order the Clerk to sign, accept, and file the attached bond"). But Sunoco has <u>not</u> made such a motion to stay enforcement pending its present appeal (10th Circuit Case No. 26-7014).

As such, Plaintiff—and the Court—are within their rights and powers to execute on the judgment, and Sunoco (and its Security Providers)[1] are at risk of having funds seized and distributed. *See, e.g., Strong v. Laubach*, 443 F.3d 1297, 1300 (10th Cir. 2006) ("By not requesting a stay pending appeal, Laubach risked having the funds distributed and not being able to recover them even if he prevailed on appeal."); *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1146 (5th Cir. 1982) ("[Appellant] did not seek a stay of the injunction nor post a supersedeas bond relative thereto. The district court, accordingly, maintained jurisdiction to supervise its injunction—to execute its unsuperseded judgment—and properly entertained the motion for contempt.").

## II.    *The prior stay does not carry over to the new appeal.*

Rather than formally request a stay of execution, Sunoco merely points to the securities it provided to stay matters during the prior appeal and reprises its refrain of: trust us; we're good for it. But the enforcement protection secured by those securities has expired; it died with Sunoco's last appeal.

---

[1] Rule 65.1 also clarifies that the district court's jurisdiction extends to "security providers" who have pledged security in the pending action, and that enforcement against such providers may be accomplished through a motion (as opposed to an independent action). *See* Fed. R. Civ. P. 65.1 ("Whenever these rules … require or allow a party to give security, and security is given with one or more security providers, each provider submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the security. The security provider's liability may be enforced on motion without an independent action.").

Rule 62(b) provides that a stay of enforcement occasioned by a supersedeas bond or other security "remains in effect for the time specified in the bond or other security." FED. R. CIV. P. 62(b). Both securities Sunoco pledged as part of its prior appeal, however, confirm that the stay they sought to obtain lasted only for the life of the prior—since terminated—appeal. The Parent Guaranty states:

> In consideration for this Guaranty, Plaintiff agrees that, even though Defendant will file a $25 million supersedeas bond, which is less than the Final Judgment, Plaintiff, his counsel, and his agents will not seek Execution on the Final Judgment in the Litigation during the pendency of **_the Appeal_** [10th Cir. Case No. 23-7090] (hereinafter, "Plaintiff's Agreement").

Dkt. No. 679-2 at 2 (emphasis added). Likewise, the Bond states:

> Sunoco intends to timely notice **_an appeal_** of this Judgment [(Dkt. No. 646)], **_on or before December 20, 2023_**, to the United States Court of Appeals for the Tenth Circuit and desires to suspend enforcement of the Judgement pending determination of **_the appeal_**.

Dkt. No. 679-1 at 1, ¶3 (emphasis added). Neither contemplates that Sunoco would file yet another appeal and, thus, neither provide for a second stay of execution.

In any event, FRCP 62 (and FRAP 8) make clear that is the district court who will address any potential dispute regarding Sunoco's supersedeas efforts—which confirms the answer to this Court's original question: whether it has jurisdiction over these matters pending appeal. The answer is clearly: yes.

*      *      *

Accordingly, we are right back where we were the last time Plaintiff attempted to execute on this Court's judgment, save for two key developments: (1) the Court of Appeals has largely affirmed this Court's judgment, including its award of $103,873,002.50 in

4

actual damages; and (2) there are now two new parties from whom plaintiff can recoup that award—Sunoco's Security Providers, Energy Transfer LP and Liberty Mutual. Hence Plaintiff's Motion under Rule 65.1 to do exactly that. Because Sunoco has not properly applied to this Court to stay Plaintiff's enforcement efforts, there can be no question that this Court retains jurisdiction to adjudicate Plaintiff's motion and all other matters "in aid of execution" of its judgment.

DATED: March 23, 2026.                    Respectfully submitted,

                                          */s/Drew Pate*
                                          Bradley E. Beckworth, OBA No. 19982
                                          Jeffrey Angelovich, OBA No. 19981
                                          Drew Pate, OBA No. 34600
                                          Trey Duck, OBA No. 33347
                                          **NIX PATTERSON, LLP**
                                          8701 Bee Cave Road
                                          Building 1, Suite 500
                                          Austin, TX 78746
                                          Telephone: (512) 328-5333
                                          Facsimile: (512) 328-5335
                                          *bbeckworth@nixlaw.com*
                                          *jangelovich@nixlaw.com*
                                          *dpate@nixlaw.com*
                                          *tduck@nixlaw.com*

                                          Susan Whatley, OBA No. 30960
                                          **NIX PATTERSON, LLP**
                                          P.O. Box 178
                                          Linden, Texas 75563
                                          Telephone: (903) 215-8310
                                          *swhatley@nixlaw.com*

                                          Phillip G. Whaley, OBA No. 13371
                                          Jason A. Ryan, OBA No. 18824
                                          Paula M. Jantzen, OBA No. 20464
                                          **RYAN WHALEY**

400 N. Walnut Ave.
Oklahoma City, OK  73104
Telephone:  405-239-6040
Facsimile:  405-239-6766
*pryan@ryanwhaley.com*
*pwhaley@ryanwhaley.com*
*jryan@ryanwhaley.com*
*pjantzen@ryanwhaley.com*

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsímile: (405) 516-7859
*mburrage@whittenburragelaw.com*

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
**BARNES & LEWIS, LLP**
208 N.W. 60th Street
Oklahoma City, OK  73118
Telephone: (405) 843-0363
Facsimile: (405) 843-0790
*rbarnes@barneslewis.com*
*plewis@barneslewis.com*
*ekitch@barneslewis.com*

Lawrence R. Murphy, Jr., OBA No. 17681
**SMOLEN LAW, PLLC**
611 South Detroit Avenue
Tulsa, Oklahoma 74120
Telephone: (918) 777-4529
Facsimile:(918) 890-4529
*larry@smolen.law*

**CLASS COUNSEL**

6

## CERTIFICATE OF SERVICE

I hereby certify that I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to all registered parties.

*/s/Drew Pate*