**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| PERRY CLINE, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 17-cv-313-JAG |
| SUNOCO, INC. (R&M) and SUNOCO PARTNERS MARKETING & TERMINALS, L.P., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF
REGARDING THIS COURT'S CONTINUING JURISDICTION
OVER ENFORCEMENT PROCEEDINGS PENDING APPEAL**

Everyone agrees this Court has jurisdiction to execute its judgment *unless* that judgment has been superseded. The question raised by Sunoco's response is: who has jurisdiction to determine whether the judgment has, *in fact*, been superseded? Both the law and the facts of this case confirm it is *this* Court.

First, as of right now, this is the *only* Court with jurisdiction over this matter. The 10th Circuit issued its mandate in the most recent appeal on March 30, 2026. And Sunoco (still) has yet to file a cert. petition with the Supreme Court. As such, this Court is the *only* Court with jurisdiction to decide a dispute regarding the scope of Sunoco's security instruments and the stay they previously secured.

Second, as discussed in Plaintiff's initial submission, the existence of Rule 62 confirms that our judicial system vests *district* courts with frontline authority over

1

supersedeas matters. *See generally* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. *The stay takes effect when <u>the court</u> approves the bond or other security and remains in effect for the time specified in the bond or other security.*"); *see also* Fed. R. App. P. 8 ("A party must ordinarily move first in the <u>*district court*</u> for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a bond or other security provided to obtain a stay of judgment; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending."). Accordingly, to the extent there is a dispute about whether Sunoco's previously posted securities continue to provide a stay of execution, *this* Court is the one to address it.

Finally, as to the merits of whether Sunoco's securities continue to stay execution, Sunoco's argument is (again) contrived, tortuous, and disingenuous. Sunoco hangs its entire argument on an analogy it attempts to draw to the *Morrison Knudsen* case. *See* Dkt. No. 706 at 2–3 (discussing *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063 (10th Cir. 2008)). But that case was <u>not</u> addressing the issue here—*i.e.*, whether securities pledged to secure a stay during a prior appeal continue to stay execution during subsequent appeals. Rather, *Morrison Knuedsen* addresses whether the security provider remained liable for the judgment in light of the result in a prior appeal—an issue Sunoco has conceded here. *See* 532 F.3d at 1069 ("The question we must answer is whether *Morrison Knudsen I*, affirming MK's liability but vacating the judgment and remanding for a new damages trial, resulted in MK prosecuting the appeal 'to effect.' If so, [security provider] cannot be held liable for the judgment against MK and its obligations are void.");

2

*compare with* Dkt. No. 706 at 5 (Sunoco: "The class is fully protected by the enduring force of the security …."); Dkt. No. 694 at 3–4 (Sunoco: "[T]he plain terms of the parent guaranty unequivocally still protect the Class in full. … [T]he guaranty remains in effect and will do so until any affirmed judgment in the Class's favor has been fully satisfied. … The clear import of the supersedeas bond and guaranty is that Defendants have agreed to cover the ultimate judgment once this case is finally resolved. And the language of the guaranty fully secures the class against any risk of not being "paid in full.").

Further unlike *Morrison Knudsen*, the 10th Circuit did <u>not</u> remand this case "for a retrial on the issue of damages." *See* 32 F.3d at 1071. The 10th Circuit did not remand to re-try or re-calculate anything. *See* 159 F.4th at 1205 ("We AFFIRM the district court's orders granting class certification and denying post-trial class decertification, along with the orders determining the actual damages awarded to the Class, including prejudgment interest. We VACATE the punitive damages award and REMAND for the district court to amend the judgment consistent with this opinion."). Sunoco's statement to the contrary (*see* Dkt No. 706 at 3 ("The Tenth Circuit … remanded for recalculation of the final amount")) is patently false and an obvious attempt to force a square peg into a round hole.

Where *Morrison Knudsen* is instructive is in its confirmation that courts look to the text of a security instrument when determining the scope of its application. *See* 32 F.3d at 1069; Fed. R. Civ. P. 62(b) ("The stay takes effect when the court approves the bond or other security and remains in effect ***for the time specified in the bond or other security*.**"). Sunoco appears to agree that the text of the securities should govern the extent of the stay they provide. But Sunoco makes the same mistake in reading that text as it did in reading

*Morrison Knudsen*: Sunoco looks for provisions regarding whether the security providers are still on the hook for the judgment rather than the provisions about how long of a stay they secure. *See* Dkt. No 706 at 4 (discussing language regarding when the guarantees "promise[] payment"). Again, however, no one disputes that the security providers are still liable to satisfy the judgment. The issue here is whether those instruments continue to stay enforcement proceedings on that judgment. And, as the text of those instruments demonstrates, they plainly do not:

> In consideration for this Guaranty, Plaintiff agrees that, even though Defendant will file a $25 million supersedeas bond, which is less than the Final Judgment, Plaintiff, his counsel, and his agents will not seek Execution on the Final Judgment in the Litigation during the pendency of ***the Appeal*** [10th Cir. Case No. 23-7090] (hereinafter, "Plaintiff's Agreement").[1]
>
> …
>
> Sunoco intends to timely notice ***an appeal*** of this Judgment [(Dkt. No. 646)], ***on or before December 20, 2023***, to the United States Court of Appeals for the Tenth Circuit and desires to suspend enforcement of the Judgement pending determination of ***the appeal***.[2]

"The appeal" refenced in those provisions is over. So too, then, is the stay.

*   *   *

As a result of this latest round of litigation, Sunoco will likely file a new motion asking the Court to once again stay enforcement on pledge of these same (or similar) securities. Ultimately, it is the Court's choice whether to approve such security. But, given Sunoco's obvious lack of conscience in these matters, the Court should consider placing

---

[1] Dkt. No. 679-2 at 2 (emphasis added).

[2] Dkt. No. 679-1 at 1, ¶3 (emphasis added).

4

additional conditions on Sunoco's ability to obtain such a stay—namely, that Sunoco be required to deposit the full amount of the judgment (including post-judgment interest) in an account overseen by the Judgment Administrator and subject to this Court's control.

As this Court observed ***back in 2023***:

> What I've experienced in this case is that Sunoco has done everything int its power to obfuscate this case and take it – to make it longer and harder for the Plaintiffs to recover what is, in my view at least, clearly, clearly due to them. … ***I have precious little faith that when these appeals are done, if Sunoco loses, it won't come up with some additional form of wrangling to keep from paying this***.

Hr'g Tr. (Nov. 28, 2023) at 29:9–23 (emphasis added). Sunoco's recent behavior proves that prophecy true and forecasts similar "wrangling" to come. The only way the Class and the Court can be sure that Sunoco won't invent more ways to obfuscate and delay paying this money is if the money is already sitting in the Court's hands.

DATED: April 3, 2026.                    Respectfully submitted,

                                                 */s/Drew Pate*

Bradley E. Beckworth, OBA No. 19982
Jeffrey Angelovich, OBA No. 19981
Drew Pate, OBA No. 34600
Trey Duck, OBA No. 33347
**NIX PATTERSON, LLP**
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
*bbeckworth@nixlaw.com*
*jangelovich@nixlaw.com*
*dpate@nixlaw.com*
*tduck@nixlaw.com*

Susan Whatley, OBA No. 30960
**NIX PATTERSON, LLP**
P.O. Box 178
Linden, Texas 75563
Telephone: (903) 215-8310
*swhatley@nixlaw.com*

Phillip G. Whaley, OBA No. 13371
Jason A. Ryan, OBA No. 18824
Paula M. Jantzen, OBA No. 20464
**RYAN WHALEY**
400 N. Walnut Ave.
Oklahoma City, OK  73104
Telephone:  405-239-6040
Facsimile:  405-239-6766
*pryan@ryanwhaley.com*
*pwhaley@ryanwhaley.com*
*jryan@ryanwhaley.com*
*pjantzen@ryanwhaley.com*

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsímile: (405) 516-7859
*mburrage@whittenburragelaw.com*

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
Emily Nash Kitch, OBA No. 22244
**BARNES & LEWIS, LLP**
208 N.W. 60th Street
Oklahoma City, OK  73118
Telephone: (405) 843-0363
Facsimile: (405) 843-0790
*rbarnes@barneslewis.com*
*plewis@barneslewis.com*
*ekitch@barneslewis.com*

Lawrence R. Murphy, Jr., OBA No. 17681
**SMOLEN LAW, PLLC**
611 South Detroit Avenue

6

Tulsa, Oklahoma 74120
Telephone: (918) 777-4529
Facsimile:(918) 890-4529
*larry@smolen.law*

**CLASS COUNSEL**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send email notification of such filing to all registered parties.

*/s/Drew Pate*