IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself
and all others similarly situated,
                    Plaintiff,

v.                                                  Civil Action No. 6:17cv313

SUNOCO, INC. (R&M), et al.,
                    Defendants.

## **OPINION**

The saga continues.  In 2017, a farmer named Perry Cline, who owns an oil well in Oklahoma, sued Sunoco, Inc. (R&M), and Sunoco Partners Marketing & Terminals, L.P. (collectively, "Sunoco"), in Oklahoma state court.  Cline alleged that Sunoco had failed to pay him interest on late payments for oil from his well as required under Oklahoma's Production Revenue Standards Act ("PRSA").  *See* Okla. Stat. tit. 52, §§ 570.1–.15.  Recognizing this issue affected more than just him, Cline sought to represent a class of oil well owners whom Sunoco had paid late without paying the PRSA-mandated interest.  Sunoco removed the case to this Court not long after Cline filed it.  In 2019, the Court held a four-day bench trial, and in 2020, the Court issued an opinion detailing its findings of facts and conclusions of law, which held Sunoco liable for both actual and punitive damages for failing to pay the class members interest due on late payments.

Sunoco has dragged this litigation out for nearly a decade to avoid paying well owners what they are owed.  Indeed, Sunoco's "string of appeals"[1] and post-trial motions have lasted nearly double the amount of time this Court took to resolve the central issues in the first instance.  In November 2025, however, the United States Court of Appeals for the Tenth Circuit largely affirmed this Court, reversing only on the issues of punitive damages.  *See Cline*, 159 F.4th 1171

---

[1] *Cline v. Sunoco, Inc. (R&M)*, 159 F.4th 1171, 1179 (10th Cir. 2025).

(decision in No. 23-7090). Sunoco did not appeal that decision to the United States Supreme Court. On February 23, 2026, the Court entered the amended judgment, awarding the class $103,873,002.50 in actual damages. (*See* ECF No. 686.)

At long last, this case seemed at its end. But that glimmer of hope was short lived. Defeated but not yet dead, Sunoco instead chose to appeal the amended judgment, which the Tenth Circuit summarily affirmed in short order. *See Cline v. Sunoco, Inc. (R&M)*, No. 26-7014 (10th Cir. Mar. 30, 2026) (order granting Sunoco's unopposed motion for summary affirmance). Sunoco has taken this odd procedural path under the guise of trying to overcome the Court's rulings at the United States Supreme Court. In reality, Sunoco simply seems determined to avoid paying well owners their damages by any avenue available to it.

Now, facing even more protracted litigation, the class understandably moves to enforce the bond secured by the defendants before the previous appeal. For the reasons set forth below, the Court will grant the class's motion and enforce the security providers' liability.

## I. BACKGROUND[2]

After finding for the class, the Court entered a Judgment Order on August 17, 2020. (ECF No. 308.) Numerous appeals by Sunoco followed. Relevant here, on October 19, 2023, the Court entered a Rule 58 Judgment Order, awarding the class $103,873,002.50 in actual damages and $75,000,000 in punitive damages. (ECF No. 646.) Sunoco appealed that judgment, and most of the Court's substantive rulings, on December 15, 2023. (ECF No. 662.) After much litigation (as with all things in this case), the Court approved a $25 million supersedeas bond and parent

---

[2] This case has a long procedural history and has resulted in numerous decisions by both this Court and the Tenth Circuit. Here, the Court will recite only those facts necessary to resolve the instant motion.

guaranty pursuant to Federal Rule of Civil Procedure 62(b).  (ECF Nos. 679, 680.)  This stayed the execution of the judgment and any enforcement proceedings pending Sunoco's appeal.

The bond indicated that "Sunoco intends to timely notice an appeal of [the Court's October 19, 2023, Judgment, (ECF No. 646),] on or before December 20, 2023, to the United States Court of Appeals for the Tenth Circuit and desires to suspend enforcement of the Judgment pending determination of the appeal." (ECF No. 679-1, at 2 ¶ 3.)  It also included a promise by Sunoco and the security provider

> to pay Plaintiffs all damages, costs, and interest that may be awarded to it following the appeal of this matter . . . if:
>     a. The Judgment so appealed from is affirmed;
>     b. The appeal is dismissed; or
>     c. Sunoco fails to pay promptly all sums awarded against it or following the appeal in this action, including any costs that the Court of Appeals may award if the Judgment is modified.

(*Id.* at 3.)

Further, the guaranty agreement gave a

> Guaranty . . . in respect to the final, appealable judgment that the District Court entered in the Litigation.  *See* Dkt. No. 646.  That final, appealable judgment is referred to herein as the "Final Judgment."  Defendant appealed that Final Judgment to the U.S. Court of Appeals for the Tenth Circuit, Case No. 23-7090, and will potentially appeal to the Supreme Court of the United States (hereinafter, the "Appeal").

(ECF No. 679-2, at 2.)  The class, for its part,

> agree[d] that, even though [Sunoco] will file a $25 million supersedeas bond, which is less than the Final Judgment, Plaintiff, his counsel, and his agents will not seek Execution on the Final Judgment in the Litigation during the pendency of the Appeal (hereinafter, "Plaintiff's Agreement").

(*Id.*)

The Guaranty Agreement further provided:

> 1.    GUARANTY.    Subject to the provisions hereof, Guarantor hereby guarantees that, assuming there is no settlement of the Litigation, Defendant

3

> or Guarantor will pay the full amount of any judgment affirmed by the Tenth Circuit or U.S. Supreme Court related to the Appeal, as the case may be, to the Judgment Fund by the later of: (1) seven days after the issuance of the appellate mandate; or (2) seven days after the conclusion of a decision in the Class's favor by the U.S. Supreme Court (e.g., denial of a petition for writ of certiorari, affirmance, etc., as appropriate) (hereinafter "Affirmed on Appeal"). This Guaranty is a continuing guaranty and shall remain in full force and effect until all amounts guaranteed pursuant to Section 1 hereof have been paid.

(ECF No. 679-2, at 2–3.)

Sunoco appealed the Court's October 19, 2023, judgment on December 15, 2023. (*See* ECF No. 662 (Appeal No. 23-7090).) On November 17, 2025, the Tenth Circuit affirmed this Court in all respects except for punitive damages. *See Cline*, 159 F.4th 1171 (decision resolving Appeal No. 23-7090). Rather than appeal this decision, however, Sunoco waited until the Court entered an Amended Rule 58 judgment, which modified the final judgment to remove the punitive damages and awarded the class $103,873,002.50 in actual damages. (ECF No. 686.) At that point, Sunoco appealed the amended judgment, (ECF No. 689), which prompted the class to file the instant motion for an order to show cause and enforce the security providers' liability pursuant to Rule 65.1, (ECF No. 690). The Tenth Circuit docketed the appeal from the Amended Rule 58 judgment as Appeal No. 26-7014. *See Cline v. Sunoco*, No. 26-7014 (10th Cir. filed Feb. 26, 2026).

The Court held a conference call with the parties on March 16, 2026, while Appeal No. 26-7014 remained pending. The Court directed the parties to brief whether it had jurisdiction to resolve the motion in light of the pending appeal. Before the briefing concluded, however, the Tenth Circuit summarily affirmed the amended judgment and transferred jurisdiction back to this Court. (ECF Nos. 704, 705.) This resolves the Court's jurisdictional question, and the instant motion is now ripe for resolution.

## II. DISCUSSION

### A. Legal Standard

As a general matter, "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). "At any time after judgment is entered," however, "a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). When giving a security, the security provider "submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the security." Fed. R. Civ. P. 65.1; *see* E.D. Okla. Loc. Civ. R. 62.2(e). A court can enforce the security provider's liability on a party's motion. Fed. R. Civ. P. 65.1.

Here, Texas law governs the interpretation of the bond.[3] (ECF No. 679-2, at 5 ¶ 8(a).)

> When a contract's meaning is disputed, [a court's] primary objective is to ascertain and give effect to the parties' intent as expressed in the instrument. Objective manifestations of intent control, not "what one side or the other alleges they intended to say but did not." [Courts] therefore "presume parties intend what the

---

[3] The Tenth Circuit has previously interpreted a supersedeas bond like a contract. *See Morrison Knudsen Corp. v. Ground Improvement Techs., Inc*, 532 F.3d 1063, 1069 (10th Cir. 2008). Sunoco relies on *Morrison Knudsen* for the proposition that the bond remains in effect for the duration of its current appeal because "[t]he Tenth Circuit affirmed that the class is owed some amount of damages and, given its reversal of punitive damages, remanded for recalculation of the final amount." (ECF No. 706, at 3.) The Court will not spill ink on a point-by-point comparison of *Morrison Knudsen*, the cases on which it relies, and the facts of this case to explain why Sunoco's position is wrong. Rather, the Court simply notes that *Morrison Knudsen* does not aid the Court's analysis because it involves distinctly different bond language, legal questions, and procedural postures.

Furthermore, Sunoco's argument mischaracterizes the Tenth Circuit's November 17, 2025, decision in this case. The Tenth Circuit vacated the punitive damages award and directed this Court to amend the judgment, not to recalculate anything. Indeed, the dissent specifically explained that, "*unlike the majority*, I would vacate the district court's nearly $104 million interest award . . . and *remand for recalculation*." *Cline*, 159 F.4th at 1205 (emphasis added).

5

words of their contract say" and interpret contract language according to its "plain, ordinary, and generally accepted meaning" unless the instrument directs otherwise.

*URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 763–64 (Tex. 2018) (footnotes and citations omitted). Further, courts must "consider the entire writing to harmonize and effectuate all provisions such that none are rendered meaningless." *FPL Energy, LLC v. TXU Portfolio Mgmt. Co.*, 426 S.W.3d 59, 63 (Tex. 2014). Courts should not "import terms from other provisions to compensate from the absence of the [a] term" in a different provision. *Id.* at 68.

### B. Discussion

The crux of this dispute is whether the appeal has concluded for the purpose of the bond. If it has, Cline can seek to enforce the judgment against the security provider at this time.

Essentially, the class contends that the bond and guaranty only encompass Appeal No. 23-7090 and an appeal to the Supreme Court of that specific appeal number. Because Sunoco did not file a petition for writ of certiorari of the Tenth Circuit's November 17, 2025, decision, Cline contends that Sunoco had until February 25, 2026—seven days after Sunoco's time to file the petition expired—to pay the judgment based on the payment schedule set out in the "Guaranty" provision. It did not do so, meaning Sunoco has defaulted, and the security provider now owes the class payment.

Sunoco frames this as a premature request for the surety to pay the judgment amount.[4] First, it contends that the payment obligation only triggers when the judgment has been affirmed, and the Tenth Circuit only partially affirmed this Court in its November 17, 2025, decision. In Sunoco's view, the payment obligation does not trigger until the appeal of the amended judgment (Appeal No. 26-7014) is complete and *that* judgment is considered final. Second, Sunoco

---

[4] (*See* ECF No 706, at 2 ("Plaintiff's argument reduces to this: that the bond and parent guaranty provided here allow for execution mid-appeal.").)

emphasizes that the guaranty requires the "Defendant or Guarantor [to] pay the full amount of *any* judgment affirmed by the Tenth Circuit or U.S. Supreme Court *related to the Appeal*, as the case may be." (ECF No. 679-2, at 2 (emphasis added); *see* ECF No. 706, at 4.) It posits, therefore, that the appeal of the amended judgment qualifies as "any judgment" and "relate[s] to the Appeal." (ECF No. 706, at 4.) Third, it contends that the Court's Order granting the stay contained broad language that applied the stay to any appeal.

The class has the better argument. Reading all parts of these documents together, the bond only remained in effect for the duration of Appeal No. 23-7090 and any petition for writ of certiorari from that specific appeal.

First, the Undertaking and Supersedeas Bond Recitals (the "Recitals") specifically refer to "the appeal" as the one filed on or before December 20, 2023 (*i.e.*, Appeal No. 23-7090). They do not refer to any other future appeals to the Tenth Circuit.

Second, the Promise to Pay in the bond contemplates the possibility that the Tenth Circuit might affirm a different amount than what the Court entered in its final judgment, indicating that it extended to partial affirmances in Appeal No. 23-7090, rather than only full affirmances.[5]

Third, the plain language of the guaranty only applies to an appeal from the "Final Judgment," which the parties identified as ECF No. 646. (*See* ECF No 679-2, at 2.) Further, the guaranty specifically applies to Sunoco's appeal from the "Final Judgment"—identified as "No. 23-7090"—and any potential Supreme Court appeal from the decision in that case. (*Id.*) The

---

[5] (*See* ECF No. 679-1, at 3 ("Sunoco and Liberty Mutual Insurance Company . . . undertake[] and promise[] to pay to Plaintiffs all damages, costs, and interest that may be awarded to it following the appeal of this matter . . . if . . . Sunoco fails to pay promptly all sums awarded against it in or following the appeal in this action, including any costs that the Court of Appeals may award *if the Judgment is modified.*" (emphasis added).)

parties could have included language that the guaranty would also cover *any* appeal from a modified Final Judgment (entered as a separate docket number) or *any* future appeal at the Tenth Circuit, but they did not.[6]  The Court must give effect to what the parties stated in the guaranty itself, not to what Sunoco may have intended it to imply.  *See URI, Inc.*, 543 S.W.3d at 763–64.

Fourth, Sunoco misplaces its reliance on the "related to the Appeal" language in the "Guaranty" paragraph.  Zooming out from that provision, the class agreed not to seek "Execution on the Final Judgment . . . during the pendency of the Appeal."  (ECF No. 679-2, at 2.)  Like in the Recitals, the guaranty agreement does not contain any language suggesting that "the Appeal" applies to later-filed appeals.  (*Id.*)  And, again, every other provision of the bond refers to a specific, singular appeal to the Tenth Circuit and potential Supreme Court appeal from a decision in that appeal number.  Put another way, reading "related to" to mean that the bond and guaranty applies to an unidentified future appeal does not align with the clearly expressed intent of the parties in every other part of their agreement.  *See URI*, 543 S.W.3d at 763–64; *FPL Energy*, 426 S.W.3d at 63.  Rather, the guaranty section establishes that Sunoco or the security provider will pay the full amount of any affirmed judgment—whether partially or fully affirmed—in Appeal No. 23-7090 and any petition for writ of certiorari from that appeal number.  It does not mean that Sunoco can continue to file subsequent appeals not identified in the contract to delay paying the class.

---

[6] And neither party disputes that, had Sunoco simply appealed the Tenth Circuit's decision by the February 17, 2026 deadline, the stay would remain in effect.

Fifth, the Court's Order approving the bond clearly incorporated the terms of the bond and guaranty agreement attached to Sunoco's motion for bond approval. (*See* ECF No. 680, at 1.) Nothing in the Court's Order overrides the express terms of the bond and guaranty.[7]

In sum, based on the plain language of the agreements, Sunoco's payment obligations triggered seven days after its deadline to appeal the Tenth Circuit's November 17, 2025, decision passed. Because Sunoco did not pay, the Court will enforce the security provider's liability.

### C. Additional Remedies

Lawyers can always think of some way to stretch things out. They can file some new motion, or different appeal, or request for extraordinary relief, all in the effort to prevent the day of judgment. In most cases, good conscience eventually speaks to counsel with the advice that the case is lost, and justice requires the client to pay whatever price is due. But this is not one of those cases, and good conscience has not spoken to Sunoco or its counsel.

The class has requested the Court to award sanctions in this case, without much discussion of the Court's authority to do so. If the class seeks sanctions against Sunoco or its attorneys, the class may file a motion addressed to that issue.

In addition, the Court will consider whether to assess liability under 28 U.S.C. § 1927 for the excess costs, expenses, and attorneys' fees caused by the defense counsel's unconscionable conduct in this case. Within fourteen days of this Order, the class shall submit a brief and any supporting documentation addressing liability under § 1927. Within fourteen days thereafter,

---

[7] Sunoco also makes much of the fact that delaying payment does not prejudice the class. Even if the Court agreed with Sunoco on that point (which it does not), that argument ignores how contracts work. Sunoco cannot flout the contract's express terms just because it believes that further payment delays would not leave the class any worse off than it is today.

Sunoco may reply, showing cause why the Court should not assess liability under the statute. Within 10 days thereafter, the class may respond.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the class's motion to show cause and enforce the security providers' liability pursuant to Rule 65.1. (ECF No. 690.)

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: ___4 May___ 2026
Richmond, VA

_____/s/_____
John A. Gibney, Jr.
Senior United States District Judge