IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself and )
all others similarly situated, )
                                      )
      Plaintiff, )
v.                              )              No: 6:17-cv-313-JAG
                                        )
SUNOCO, INC. (R&M), et al., )
                                      )
      Defendants. )

**SUNOCO DEFENDANTS' NOTICE OF
PAYMENT TO CLAIMS ADMINISTRATOR**

The Sunoco defendants respectfully provide notice that yesterday, May 11, 2026, Sunoco paid the full amount of the amended judgment ($123,876,871.65) by wire transfer into the *Cline v. Sunoco* Judgment Fund Account in satisfaction of the amended judgment, accrued prior post-judgment interest, and agreed statutory fees and costs.

1.      On February 25, 2026, plaintiff filed a Motion to Show Cause and Enforce Security Providers' Liability Pursuant to Rule 65.1, contending that Sunoco or the security providers are required to pay the full amount of the amended judgment by February 25, 2026. *See* Dkt. 690.

2.      Sunoco opposed the motion because it had not exhausted appellate review, was seeking summary affirmance of the amended judgment as the vehicle for a petition for a writ of certiorari to the U.S. Supreme Court (Dkt. 686), and would seek certiorari from the U.S. Supreme Court on a fully final judgment. *See* Dkt. 694. Sunoco disputed plaintiff's characterizations of the terms of the bond and parent guaranty as requiring payment while appellate proceedings were ongoing, and Sunoco confirmed that it considered the bond and guaranty to remain in effect and protective of the interests of the class, including post-judgment interest. *Id.*

3.      After further briefing (Dkt. 695, 698) and a hearing on March 16, the Court directed the parties to brief jurisdictional questions, Dkt. 700, which was submitted, Dkt. 703, 706, 707.

4.      On March 30, 2026, the Tenth Circuit summarily affirmed the amended judgment, as Sunoco had requested, and issued the mandate, Dkt. 704, 705.

5.      On May 4, 2026, this Court issued an order granting plaintiff's motion, finding that the bond and guaranty allow enforcement despite the appellate proceedings, and directing the security providers to tender amounts noted in the security documents, Dkt. 709.

6.      After conferring with plaintiff's counsel, the parties confirmed the total amount due to be paid into the judgment fund as of May 11, 2026.

7.      Yesterday, Sunoco wired into the *Cline v. Sunoco* Judgment Fund Account the amount of $123,876,871.65. It represents the amended judgment amount of $103,873,002.50, post-judgment interest through May 11, 2026 of $15,003,869.15, and agreed statutory fees and costs of $5,000,000. The fund administrator has confirmed receipt of the funds.

8.      Sunoco will continue to pursue its appellate rights by seeking a writ of certiorari from the U.S. Supreme Court. Payment into the judgment fund is not a reflection of any intent by Sunoco to abandon its appeal or right to appeal. "[P]ayment of a judgment alone does not moot an appeal . . . unless the parties intended to abandon their right to appeal." *Tungseth v. Mutual of Omaha Ins.*, 43 F.3d 406, 409 (8th Cir. 1994). *Accord Amicorp Inc. v. Gen. Steel Domestic Sales, LLC*, 284 Fed. App'x 527, 529 (10th Cir. 2008).

9.      Should the judgment be reversed on appeal, Sunoco will pursue recovery of sums that were dispersed or distributed. "The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established." *Baltimore & Ohio R.R. Co. v. U.S.*, 279 U.S. 781, 786 (1929). Likewise, "what has been lost to a litigant under the compulsion of a judgment

shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error." *Atl. Coast Line R.R. v. Florida*, 295 U.S. 301, 309 (1935). "It is a long-standing legal principle that '[a] person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable ....'" *Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996) (cite omitted).

10.    As such, and to avoid needless post-distribution proceedings, Sunoco respectfully makes this payment in full satisfaction of the amended judgment expecting that distribution of the funds will be deferred until after the U.S. Supreme Court resolves the upcoming certiorari petition by Sunoco and appellate proceedings are concluded finally.

Dated: May 12, 2026

Respectfully submitted,

*/s/ R. Paul Yetter*
R. Paul Yetter *(pro hac vice)*
pyetter@yettercoleman.com
Robert D. Woods *(pro hac vice)*
rwoods@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

Daniel M. McClure (OBA #20414)
dan.mcclure@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151

Erin E. Murphy
erin.murphy@clementmurphy.com
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, Virginia 22213
(202) 742-8900

ATTORNEYS FOR SUNOCO DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on May 12, 2026, I filed this Notice with the Clerk of the Court in its CM/ECF system which sent notice of the filing to all counsel of record.

/s/ R. Paul Yetter
R. Paul Yetter