# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

PERRY CLINE, on behalf of      )
himself and all others         )
similarly situated,            )
                               )
Plaintiff,                     )
                               )
-v-                            )
                               ) Case No.
SUNOCO, INC., (R&M) and        ) 17-CV-313-JAG
SUNOCO PARTNERS MARKETING &    )
TERMINALS, L.P.,               )
                               )
Defendants.                    )
                               )
                               )

* * * * *

CLOSING ARGUMENT
BEFORE THE HONORABLE JOHN A. GIBNEY, JUNIOR
UNITED STATES DISTRICT JUDGE

JUNE 17, 2020

* * * * *

REPORTED BY:          SHELLEY OTTWELL, RPR, CSR
                      United States Stenographer
                      P.O. BOX 607
                      Muskogee, Oklahoma 74402

*UNITED STATES DISTRICT COURT*

A P P E A R A N C E S


*ON BEHALF OF THE PLAINTIFF*
Andrew G. Pate, Esq.
Nix Patterson & Roach
205 Linda Drive
Daingerfield, Texas 75638

Bradley E. Beckworth, Esq.
Nix Patterson & Roach, LLP
3600 North Capital of Texas Highway, Suite B350
Austin, Texas 78746


*ON BEHALF OF THE DEFENDANTS*
R. Paul Yetter, Esq.
Yetter Coleman, LLP
811 Main Street, Suite 4100
Houston, Texas 77002


Daniel M. McClure, Esq.
Norton Rose Fulbright US, LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095


I N D E X

Plaintiff's closing argument                          05

Defendant's closing argument                         97

Plaintiff's rebuttal closing argument               191

*UNITED STATES DISTRICT COURT*

Sunoco paid five days later.  So Mr. Cline's story for this court is that I'm legally entitled to the proceeds.  They were paid more than six months after first production and I deserve to get all 12 percent for all those six months.  And that is what we have said, Your Honor, we agree with.  And, in fact, the company has been taken to task repeatedly for tendering that amount to him.

THE COURT:  Well, you know, here's something about that that bothers me a little bit.  Why didn't Sunoco send that to his lawyers?  I mean, Ms. Holland said that she consulted with counsel for Sunoco before they did that with Mr. Cline.  I assume it was because there's a lawsuit going on.

Why didn't they send it to his lawyers and say, Well, okay, here's $1200 for Mr. Cline.

MR. YETTER:  Your Honor, I believe and Mr. McClure can provide more backup on that, but I believe what the company was trying to do is resolve it as in a business-like manner.  In other words, dealing with a royalty owner as the first purchaser like it would do normally.  Now --

THE COURT:  Well, but they knew they were in litigation.  Didn't they have some obligation to send it to his lawyer?

MR. MCCLURE:  That letter was sent to the lawyers contemporaneously, the payment offer.

THE COURT:  Which one?

MR. MCCLURE:  The letter offering the money, Your Honor.

THE COURT:  Was sent to the lawyers.

MR. MCCLURE:  Yeah, the lawyer letter, they got it simultaneously, contemporaneously.

THE COURT:  But they sent it directly to the Cline and to his lawyers?

MR. MCCLURE:  And to the lawyers.  They knew all about it.

THE COURT:  Well, why didn't they just go through the lawyer like you're supposed to?

MR. MCCLURE:  Well, the question is whether it was in the ordinary course, you know --

THE COURT:  No.  No.  This was in the ordinary course of litigation.  That's just dirty poop.

MR. MCCLURE:  The lawyers got the letter simultaneously.

THE COURT:  And then how about the letter about, We'll send it all in to the unclaimed property.

MR. MCCLURE:  The second letter is automatically generated by a computer.  When they send out a check, any check, and somebody doesn't cash it, then automatically 60 days or something later that automatic thing got done.  That was not sent to the lawyer.  I didn't know about it.  Nobody at the company.  It is just automatically done by a computer.  When they got it, they sent us a letter saying why are you doing this?  We looked into it and said sorry.  It was an error.  It was a computerized letter.  That was the second letter that said --

THE COURT:  Did you know they were going to send the first letter directly to Mr. Cline as well as to his lawyers?

MR. MCCLURE:  Sure.  Sure.  Of course, but I --

THE COURT:  And you knew it was a lawsuit?

MR. MCCLURE:  Yeah, but we're sending it to the lawyers at the same time.

THE COURT:  Maybe that's how you do

things in Texas but that's not how it's done in the other 49 states.

MR. MCCLURE:  Well, I believe it's perfectly appropriate to do that.

THE COURT:  No, it's not perfectly appropriate.

MR. MCCLURE:  Well, our feeling was that it was.  And we were doing it to the lawyers at the same exact moment.  There's no risk of --

THE COURT:  Yeah, there's a big risk.  Ol' Mr. Cline might, Well, here's $1200.  I'm just going to take this out and go buy some new tires for my tractor.

MR. MCCLURE:  It was copied to his lawyers.  There --

THE COURT:  Well, yeah.  He might have done that before the lawyer -- before they got in touch with him.

MR. MCCLURE:  Well, I emailed --

THE COURT:  I just can't believe you did that.

MR. MCCLURE:  I emailed it to the lawyers at the same time, the exact same time.  They got it before he got it.  Okay.  That's what happened.

THE COURT: All right.

So do you admit that you owe anybody any money in this case, Mr. Yetter?

MR. YETTER: Yes, Your Honor.

THE COURT: What do you owe and who to?

MR. YETTER: And the reason that we do is because in this case the plaintiffs proved the claims of three current or potentially past class members. And that is Mr. Cline, Mr. Walker -- and Dr. Caldwell and Mr. Walker. And the reason I'm pointing this out at the beginning, Your Honor, because this fundamentally is one of the issues that's gone through this trial is what does the plaintiff, a representative plaintiff and their counsel, have to do in a class case after *Dukes,* after the Supreme Court decision, in order to prove liability?

Here is what the plaintiffs did. They put on essentially three cases: Mr. Walker, who is a member of the class; Mr. Cline, who is of course, the class rep; and Dr. Caldwell, who is not a member of the class, but they used him to show unclaimed funds.

But the point, Your Honor, is if a class action is, quote, as *Dukes* says, in

*C E R T I F I C A T E*

I, Shelley Ottwell, Registered Professional Reporter, for the Eastern District of Oklahoma, do hereby certify that the foregoing is a true and accurate transcription of my stenographic notes and a true record of the proceedings held in the above-captioned case.

I further certify that I am not employed by nor related to any party to this action, and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 6th day of July, 2020.


s/Shelley Ottwell
SHELLEY OTTWELL, RPR, CSR
United States Court Reporter

*UNITED STATES DISTRICT COURT*