IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

PERRY CLINE, on behalf of himself
and all others similarly situated,      )
                                        )
                                        )
        Plaintiff,                      )
v.                                      )
                                        )       Case No: 6:17-cv-313-JAG
SUNOCO, INC. (R&M) and                  )
SUNOCO PARTNERS                         )
MARKETING & TERMINALS, L.P.,            )
                                        )
        Defendants.                     )

**UNOPPOSED MOTION OF SUNOCO DEFENDANTS FOR EXTENSION
OF TIME TO RESPOND TO MOTION FOR SANCTIONS** (Dkt. 711)

The Sunoco defendants respectfully move for an extension of time to June 21, 2026 to
respond to plaintiff's motion for sanctions (Dkt. 711) and the order to brief liability under §1927
(Dkt. 709). Plaintiff does not oppose the extension.

1.      On May 4, 2026, the Court granted plaintiff's motion to show cause, ordered the
security providers to pay the amended judgment, and directed the parties to brief liability under 28
U.S.C. §1927. Dkt. 708-09. The Court ordered the class to submit a brief addressing §1927 liability
by May 18, defendants to respond by June 1, and the class to reply by June 11. *See* Dkt. 709.

2.      On May 18, plaintiff filed a motion for sanctions invoking §1927 and the Court's
inherent powers. *See* Dkt. 711 at 1-2. The motion seeks money sanctions against Sunoco and non-
monetary sanctions against one of its counsel. Sunoco promptly conferred with plaintiff's counsel
to request an extension of 20 days to respond to the motion. Plaintiff does not oppose the extension.

3.      Good cause exists to extend time to respond to the motion.

4.      **Medical issues of counsel**. As counsel for Sunoco, Dan McClure is a target of the
motion. He recently suffered head and other injuries in a bike crash while training for a charity
cycling event. As a result, he had brain surgeries on April 22 and 24 and currently is recovering.

He has returned to work, but certain limitations have been directed by doctor's orders to limit his activities for 6-8 weeks post-surgery.

5.    Given the nature of and assertions in the motion, Mr. McClure's involvement in preparing Sunoco's response is essential. A 20-day extension will allow him, given his medical limitations, a reasonable opportunity to help prepare the response.

6.    **Breadth of motion**. The motion is wide-ranging and requests substantial sanctions. It challenges events spanning the nine-year pendency of this case. *See* Dkt. 711 at 2-11. It raises discovery disputes, trial issues, post-trial briefing, appellate proceedings, and enforcement matters over many years and in several forums. The requested sanctions include $25 million in monetary sanctions against Sunoco and disciplinary sanctions against Mr. McClure. *See id.* at 17-22.

7.    Sunoco opposes the motion in every respect. But the sheer volume of allegations requires substantial time to address with the specificity and documentation that the seriousness of a sanctions proceeding demands. Due process requires that a target of sanctions have adequate time and opportunity to be heard. *See Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987) (target of sanctions has due process right to notice and meaningful opportunity to respond).

8.    **Additional counsel**. Sunoco has retained additional counsel, Gibson Dunn & Crutcher LLP, to assist in responding to the motion. New counsel needs time to become familiar with the extensive record in this case, including the bench trial, appeals, and extensive post-trial proceedings. The breadth of this record, combined with the wide-ranging nature of the motion, necessitates sufficient time for new counsel to review the relevant filings, transcripts, and orders and to assist in preparing a thorough response.

### CONCLUSION AND PRAYER

The Court should grant this unopposed 20-day extension of time (from June 1 to 21) within which to respond to the motion for sanctions and order for briefing.

Dated:  May 26, 2026

Respectfully submitted,

*/s/ R. Paul Yetter*

R. Paul Yetter (*pro hac vice*)
pyetter@yettercoleman.com
Robert D. Woods (*pro hac vice*)
rwoods@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000

Daniel M. McClure (OBA #20414)
dan.mcclure@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151

Erin E. Murphy (*pro hac vice*)
erin.murphy@clementmurphy.com
CLEMENT & MURPHY PLLC
706 Duke Street
Alexandria, Virginia 22213
(202) 742-8900

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF CONFERENCE

I conferred about this motion with class counsel who confirmed that plaintiff does not oppose the requested extension of time.

*/s/ R. Paul Yetter*

R. Paul Yetter

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026, I filed this motion with the Clerk of the Court in its CM/ECF system which sent notice of the filing to all counsel of record.

*/s/ Robert D. Woods*

Robert D. Woods

- 3 -